736 So.2d 381 (1999)
James SMITH a/k/a James Martin Smith, Appellant,
v.
STATE of Mississippi, Appellee.
No. 97-KA-01234 COA.
Court of Appeals of Mississippi.
February 9, 1999.
Rehearing Denied April 20, 1999.
Certiorari Denied June 10, 1999.
*382 Thomas M. Fortner, Robert M. Ryan, Nathan Henry Elmore, Jackson, Attorneys for Appellant.
Office of the Attorney General by Dewitt T. Allred III, Attorney for Appellee.
BEFORE THOMAS, P.J., COLEMAN, and DIAZ, JJ.
DIAZ, J., for the Court:
¶ 1. James Smith was convicted of a third offense of driving under the influence of intoxicating liquor. From this conviction, he perfects his appeal to this Court and argues that the trial court erred (1) in denying his request for a bifurcated trial and (2) in violating his protection against double jeopardy. Finding his arguments without merit, we affirm.

FACTS
¶ 2. In the early morning hours of July 21, 1996, officers from the Jackson Police Department set up a roadblock in an effort to check for traffic violations. Michael Ivy was one of the officers on duty that night, and according to his testimony at trial, James Smith drove his vehicle through the roadblock without stopping. The officers flashed their lights at him, but Smith continued driving, almost hitting Ivy as he proceeded through the roadblock. Officer Ivy then got in his patrol car and followed Smith until he finally came to a stop approximately a half-mile to a mile from the scene of the roadblock. Officer Ivy testified that during the time he was following Smith, Smith's vehicle ran off the road one time, partially crossed the center line seven times, and even drove in the oncoming traffic lane at one point. When Smith's vehicle finally came to a stop, Officer Ivy approached the car and smelled the odor of alcohol coming from Smith as he was seated in his car. Ivy also noticed that Smith's speech was slurred and that his eyes were dilated, watery, and blood-shot. It was obvious to Officer Ivy that Smith was intoxicated, so he asked Smith to step out of the car. As Smith stepped from his car, Officer Ivy testified that Smith was so off-balance that he had to grab Smith to keep him from falling. Smith then became belligerent and profane. In Officer Ivy's opinion, Smith was "extremely intoxicated." Smith was then transported to the police station where he was offered the chance to take a breathalyzer test. According to the trial testimony, Smith refused to be tested for the presence of alcohol in his system. Smith was subsequently indicted for felony DUI, having previously been convicted of two prior DUI's. The State thereafter presented its case to a jury and obtained a conviction for felony DUI. It is from this conviction that Smith now brings forth his appeal.

DISCUSSION

I. DID THE TRIAL COURT ERR IN DENYING SMITH'S REQUEST FOR A BIFURCATED TRIAL?
¶ 3. Prior to the commencement of trial in this case, Smith made a motion in limine to prevent evidence of his two prior convictions of DUI from being presented to the jury. Smith claims that he was asking for a bifurcated trial to allow the judge to evaluate his prior convictions and impose an appropriate enhanced sentence. Smith's contention is that felony DUI trials should be bifurcated due to the prejudicial nature of the underlying misdemeanor *383 convictions. He insists that the probative value of his prior convictions was "substantially outweighed by the danger of unfair prejudice" when analyzed under Mississippi Rule of Evidence 403, and therefore, the trial court erred in overruling his motion.
¶ 4. The elements of felony DUI are contained in Miss.Code Ann. § 63-11-30(2)(c) (Rev.1996) and provide as follows: "For any third or subsequent conviction of any person violating subsection (1) of this section, the offenses being committed within a period of five (5) years, such person shall be guilty of a felony...." When ruling on Smith's motion, the trial judge advised both the State and Smith of the statutory requirement, and at the conclusion of trial, the judge granted the State's jury instruction S-1 which informed the jury that Smith could only be convicted of felony DUI if the State proved beyond a reasonable doubt that Smith had previously been convicted of two DUI offenses. The trial judge acted in accordance with the statute and with established case law by admitting the evidence of Smith's prior convictions. Weaver v. State, 713 So.2d 860(¶ 31) (Miss.1997). They were necessary elements of the crime with which he was charged, and each conviction had to be proved in order to convict Smith of felony DUI. Id. at (¶ 35). Thus, the trial court committed no error in allowing evidence of Smith's prior convictions to be presented to the jury.

II. DID THE TRIAL COURT VIOLATE SMITH'S PROTECTION AGAINST DOUBLE JEOPARDY?
¶ 5. Smith next argues that the use of his prior DUI convictions to obtain a conviction for felony DUI violated the double jeopardy clause of the United States and Mississippi Constitutions. He maintains that the elements of the prior DUI offenses are contained in the elements of the indicted offense and that using the proof of his prior convictions resulted in his suffering multiple punishments for the same acts.
¶ 6. The United States Supreme Court has articulated the applicable rule to be used in determining whether the same act constitutes a violation of two distinct statutory provisions. Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
[T]he test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.... A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.
Id. (citations omitted). Clearly, under the authority of Blockburger, the three crimes at issue in this assignment of error are separate and distinct. The crime of first offense DUI requires a single charge of operating a vehicle under the influence of intoxicants, while the crime of second offense DUI requires a prior DUI conviction within a period of five years together with a second charge of DUI. Miss.Code Ann. § 63-11-30(1), (2)(a), (2)(b) (Rev.1996). The crime of felony DUI requires a third or subsequent charge of DUI together with two previous DUI convictions within a period of five years. Miss.Code Ann. § 63-11-30(2)(c) (Rev.1996). Although the three statutory provisions at issue in this case are similar in that they all require proof that the defendant operated a vehicle while under the influence of intoxicants, they also differ in that each section requires proof of an additional element. As such, we find that Smith committed three different crimes, and prosecution of the first two did not bar prosecution of the third.
¶ 7. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT OF CONVICTION OF DUI FELONY AND SENTENCE OF THREE YEARS TO SERVE IN THE CUSTODY OF THE *384 MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH TWO YEARS SUPERVISED PROBATION AND FINE OF $2000 IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
BRIDGES, C.J., McMILLIN and THOMAS, P.JJ., COLEMAN, IRVING, KING, LEE, PAYNE, and SOUTHWICK, JJ., CONCUR.