825 So.2d 725 (2002)
Gary HORN, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-KA-00236-COA.
Court of Appeals of Mississippi.
September 10, 2002.
William Mitchell Moran, Brandon, attorney for appellant.
Office of the Attorney General, by Jeffrey A. Klingfuss, attorney for appellee.
Before KING, P.J., LEE, and IRVING, JJ.
KING, P.J., for the court.
¶ 1. Gary Horn was convicted of Felony DUI, third or subsequent offense, in the Leake County Circuit Court. He was sentenced to serve a term of three and one-half years in the custody of the Mississippi Department of Corrections and ordered to pay a fine of $1,500 and all costs of court. Aggrieved by his conviction and sentence, Horn has appealed and assigned the following errors which we quote verbatim:
I. The trial court committed plain reversible error in allowing the introduction *726 of Horn's prior DUI convictions in the State's case-in-chief and by not conducting a bifurcated sentencing hearing for enhancement purposes, and as a result, Horn was denied a fundamentally fair trial in violation of the United States and Mississippi Constitutions.
II. Allowing evidence of Horn's prior DUI convictions to be admitted in the State's case-in-chief denied Horn a fundamentally fair trial in violation of the double jeopardy guarantees of the United States and Mississippi Constitutions.

FACTS
¶ 2. On April 2, 2000, at approximately 3:00 p.m., Officer Mark Wilcher of the Leake County Sheriff's Department and Constable Randy Atkinson of Leake County responded to a call regarding a disturbance at 4585 Midway Road.
¶ 3. Mrs. Janie Wilbanks testified that someone (later identified as Gary Horn) came to her door and stated that he had run off the road and would pay her to pull him out of the ditch. Because Horn had been drinking, Mrs. Wilbanks closed and locked the door, and phoned a neighbor and asked that he go to the church and get her husband. Next, Mrs. Wilbanks called the sheriff's office for assistance. She testified to being frightened when Horn started banging on her door and yelling, "Don't call the police, don't call the police."
¶ 4. According to Mr. Wilbanks, upon returning home he could see Horn's car in the ditch. Mr. Wilbanks walked across the street toward the car, as Horn sat in the car "revving the motor up." Wilbanks stated that Horn was the only person in the car. Wilbanks testified that Horn "didn't have a shirt on, and, he had vomit on his face and on his shoulder, and, the car was a total mess inside."
¶ 5. Mr. Horn testified that he and his wife had gone to the casino to eat and had several drinks. Horn stated that he was escorted out of the casino by two security guards and placed in his wife's car. He indicated that while his wife was driving down the road, he got sick and started to vomit. At trial, Horn testified that his wife was driving the car and that he did not tell anyone because he did not want her to be charged with DUI. Horn's wife testified that she was driving the car as well. She stated that she ran into the ditch, left the vehicle and Mr. Horn and attempted to walk home.
¶ 6. When Officer Wilcher responded to Mrs. Wilbanks's call, he found Horn inside the vehicle. Officer Wilcher testified that Horn was unsteady on his feet and had slurred speech. Through questioning, Officer Wilcher found that Horn did not have a driver's license and placed him under arrest. Further investigation revealed that Horn's driver's license had been suspended because of two previous DUI convictions. Horn was transported to the Leake County Jail, where Officer Wilcher read to him his rights regarding the taking of an intoxilyzer test. Horn was then asked to take the intoxilyzer 5000 test, but refused.
¶ 7. In January 2001, Horn was indicted for felony driving under the influence, third offense, in violation of Mississippi Code Annotated Section 63-11-30(1)(a) (Rev.1996).[1]
¶ 8. He was found guilty on January 9, 2001, and sentenced to serve a term of three and one-half years in the custody of *727 the Mississippi Department of Corrections, and ordered to pay a fine of $1,500 and all costs of court.

ISSUES AND ANALYSIS

I.
Whether the trial court committed plain reversible error in allowing the introduction of Horn's prior DUI convictions in the State's case-in-chief and by not conducting a bifurcated sentencing hearing for enhancement purposes, and as a result, Horn was denied a fundamentally fair trial in violation of the United States and Mississippi Constitutions.
¶ 9. Horn asks this Court to hold that it was plain error for the trial court to allow evidence of his prior DUI convictions, in the State's case in chief, rather than requiring that they be introduced in a separate sentencing hearing.
¶ 10. The record reflects that Horn offered no objection to this process at trial. Matters not called to the attention of the trial court are waived, and will not be considered for the first time on appeal. Moore v. State, 806 So.2d 308 (¶ 5) (Miss. Ct.App.2001).
¶ 11. This Court, pursuant to M.R.A.P. 28(a)(3), may take notice of a matter which is plain error.
¶ 12. Plain error is defined as error that affects the substantive rights of a defendant. Dobbins v. State, 766 So.2d 29(¶ 5) (Miss.Ct.App.2001). "The plain error doctrine has been construed to include anything that `seriously affects the fairness, integrity or public reputation of judicial proceedings.'" Id. The matter which Horn seeks to raise for the first time before this Court does not constitute plain error, and this Court declines to consider it as such.
¶ 13. While Horn objects on appeal, he did not assert this objection at trial nor did he request a bifurcated hearing prior to the commencement of trial. Therefore, we find that it is procedurally barred from review by this Court. Harris v. Lewis, 755 So.2d 1199 (¶ 15) (Miss.Ct.App.1999).

II.
Whether allowing evidence of Horn's prior DUI convictions to be admitted in the State's case-in-chief denied Horn a fundamentally fair trial in violation of the double jeopardy guarantees of the United States and Mississippi Constitutions.
¶ 14. Horn also asserts that he was subjected to double jeopardy by the utilization of his prior DUI convictions to enhance his present sentence.
¶ 15. Double jeopardy, which is prohibited by the Fifth Amendment of the United States Constitution and Article 3, Section 22 of the Mississippi Constitution, occurs when an accused is subjected to being tried twice for the same offense. State v. Fleming, 726 So.2d 113 (¶ 8) (Miss. 1998).
¶ 16. In the present action, Horn is not being punished for his prior DUIs. Those prior convictions were considered for the sole purpose of enhancing punishment. Prior convictions which are "constitutionally valid in and of themselves" may appropriately be used to enhance punishment for subsequent convictions. Bailey v. State, 728 So.2d 1070 (¶ 12) (Miss.1997).
¶ 17. Accordingly, we hold this issue to be meritless.
¶ 18. THE JUDGMENT OF THE LEAKE COUNTY CIRCUIT COURT OF *728 CONVICTION OF FELONY DUI, THIRD OR SUBSEQUENT OFFENSE AND SENTENCE OF THREE AND ONE HALF YEARS TO SERVE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND A FINE OF $1500 IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.
NOTES
[1] Miss.Code Ann. Section 63-11-30(1)(a) (Rev.1996): Operation of vehicle while under the influence of intoxicating liquor, drugs or controlled substances ... (1) It is unlawful for any person to drive or otherwise operate a vehicle within this state who (a) is under the influence of intoxicating liquor....