BRIDGES, P.J.,
for the Court.
¶ 1. James Edward McLaurin was convicted in the Harrison County Circuit Court of felony driving under the influence and sentenced to five years to run consecutively to the sentence he is presently serving. Aggrieved, he asserts the following issues:
I. THE CHARGES AGAINST THE DEFENDANT SHOULD BE DISMISSED BECAUSE OF THE PRIOR CONVICTION IN JEFFERSON DAVIS COUNTY, MISSISSIPPI.
II. THE COURT SHOULD HAVE DIRECTED A VERDICT OF NOT GUILTY BECAUSE THE STATE HAS NO PROOF AS TO WHAT 10% OR MORE BLOOD BASED UPON GRAMS OF ALCOHOL PER TWO-HUNDRED AND TEN LITERS OF BREATH IS.
III. THE COURT ERRED IN ALLOWING THE USE OF THE TWO MISDEMEANOR CONVICTIONS AGAINST THE DEFENDANT.
IV. THE COURT ERRED IN NOT ALLOWING THE DEFENDANT’S JURY INSTRUCTION D-8 AND, FURTHER, IN' NOT ALLOWING THE DEFENDANT TO ARGUE THE RELATION BACK OR EXTRAPOLATION THEORIES TO THE JURY.
¶ 2. Finding no error, we affirm.
■ FACTS
¶3. On July 16, 2001, James Edward McLaurin was indicted on two counts of felony driving under the influence in the Harrison County Circuit Court. At the time he was indicted, McLaurin was serving a sentence for a conviction of driving under the influence out of the Jefferson Davis' County Circuit Court! McLaurin filed a motion to dismiss for violation of the double jeopardy clause because the State was attempting to use the same two previous misdemeanor convictions for driving under the influence that were used in the Jefferson Davis County trial to enhance the charge in Harrison County to felony status. The' prior two convictions were on December 30, 1996, and April 13, 1999. .The Harrison County Circuit Court denied McLaurin’s motion to dismiss.
¶ 4. At trial, Officer Roy. Gibson of the Gulfport ■ Police Department testified that he pulled McLaurin over for speeding in Gulfport, Mississippi at 4:41 a.m. on December 9, 2000. Gibson noticed a strong intoxicating odor and asked McLaurin for his driver’s license. McLaurin instead produced a State of Mississippi Identification Card. Gibson had McLaurin exit the *270 vehicle and again detected the strong smell of alcohol. Officer Gibson then called for a DUI officer who arrived shortly thereafter, at 4:58 a.m. The DUI officer had McLaurin perform several field sobriety tests and also detected a strong smell of alcohol. McLaurin admitted to having been drinking from approximately 9:00 p.m. until approximately 1:00 a.m. The entire event with the DUI officer was videotaped and admitted at trial. McLaurin was given a breathalyzer test and the machine indicated an alcohol content of .151.
¶ 5. McLaurin testified that he was in jail in 1996 for a misdemeanor conviction of DUI and the judge had him sign some papers. McLaurin then testified that he worked on a garbage truck and was locked up at night. McLaurin admitted paying a fine for his misdemeanor conviction of DUI in 1999, but said that he knew he served some time on that conviction. At the conclusion of the trial, the jury found McLaurin guilty of two counts of felony DUI and he was sentenced to serve five years to run consecutively to the sentence he was presently serving from the conviction in Jefferson Davis County.
ANALYSIS
I. SHOULD THE CHARGES AGAINST THE DEFENDANT BE DISMISSED BECAUSE OF THE PRIOR CONVICTION IN JEFFERSON DAVIS COUNTY, MISSISSIPPI?
¶ 6. McLaurin argues that the charges against him should be dismissed because of the prior conviction in Jefferson Davis County, Mississippi. McLaurin feels harassed because of the two prior misdemeanor charges and feels he should only have to be harassed by the misdemeanor charges once. By using the same misdemeanor DUIs in his Harrison County conviction as well as in his Jefferson Davis County conviction, McLaurin argues that his constitutional right against double jeopardy has been violated.
¶ 7. McLaurin’s argument is essentially identical to the argument he made in his motion to dismiss prior to trial. At the hearing on this motion, the prosecutor argued against the motion, citing the cases of Horn v. State, 825 So.2d 725 (Miss.Ct.App.2002) and Smith v. State, 736 So.2d 381 (Miss.Ct.App.1999). In Horn, this Court held that “Horn [was] not being punished for his prior DUIs. Those prior convictions were considered for the sole purpose of enhancing punishment.” Horn, 825 So.2d at 727(¶ 16). “Prior convictions which are ‘constitutionally valid in and of themselves’ may appropriately be used to enhance punishment for subsequent convictions.” Id. (quoting Bailey v. State, 728 So.2d 1070(¶ 12) (Miss.1997)). Smith, citing the United States Supreme Court case of Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), similarly held that each offense is separate and distinct in cases of felony DUI enhancement and do not violate the constitutional right against double jeopardy. Smith, 736 So.2d at 383(¶ 6).
¶ 8. McLaurin fails to demonstrate why Horn and Smith should not apply to the case at bar. The trial court properly considered the prosecutor’s argument and citations to Horn and Smith and dismissed McLaurin’s motion. Failing to show any error in the trial court’s conclusion, we find this issue is without merit.
II. SHOULD THE COURT HAVE DIRECTED A VERDICT OF NOT GUILTY BECAUSE THE STATE HAD NO PROOF AS TO WHAT 10% OR MORE BLOOD BASED UPON GRAMS OF ALCOHOL PER TWO HUNDRED AND TEN LITERS OF BREATH IS?
¶ 9. McLaurin asserts that the trial court erred in failing to direct a verdict of *271 not guilty because the State failed to prove that he operated a motor vehicle while having an alcohol concentration of .10% or more in his blood. McLaurin argues that the only proof before the jury as to his blood alcohol content came from Officer Hicks, and Hicks did not know how breath was computed to blood alcohol content. Indeed, the record displays a somewhat confusing colloquy regarding the conversion from breath alcohol content to blood alcohol content.
¶ 10. Having moved for a directed verdict at the close of the State’s case, defense counsel argued outside the presence of the jury that the statute requires .10% blood alcohol content and that no testimony was provided relating the breath test back to the blood test. Defense counsel attempted to question Officer Hicks regarding liters of breath and how to calculate the percentage of alcohol in the blood based on the percentage of alcohol in the breath. McLaurin cites to the case of Fisher v. City of Eupora, 587 So.2d 878 (Miss.1991) which discussed the estimated 2100:1 breath to blood ratio used in the breath alcohol test. Fisher, 587 So.2d at 886. Although Fisher discusses this ratio, it states that the appellants did not introduce any evidence that their particular ratios differed from the accepted average of 2100:1 and that it was up to the jury to weigh the evidence. Id. at 888.
¶ 11. In Johnston v. State, 567 So.2d 237 (Miss.1990), the Mississippi Supreme Court held that Intoxilyzer results may be admitted into evidence if a proper foundation has been laid. Officer Hicks testified that the particular machine used to test McLaurin had been calibrated and certified and that the instrument was used for breath analysis in order to determine blood alcohol content. When asked what blood alcohol concentration the machine gave for McLaurin, Hicks replied, “.151.” On cross-examination, Officer Hicks testified that the machine was the State’s accepted test for determining blood alcohol content through the breath.
¶ 12. Motions for directed verdict and motions for JNOV are for the purpose of challenging the legal sufficiency of the evidence. Noe v. State, 616 So.2d 298, 302 (Miss.1993); Strong v. State, 600 So.2d 199, 201 (Miss.1992). In reviewing the sufficiency of the evidence questions, the court is required to view the evidence in the light favorable to the State, giving it the benefit of all reasonable inferences which may be drawn from the evidence, and accepting as true that evidence which supports guilt. McClain v. State, 625 So.2d 774, 778 (Miss.1993). It must not weigh the evidence or its credibility, as that is within the province of the jury. Id. The court may only reverse if the evidence is such that fair-minded jurors could only find the defendant not guilty. Id.
¶ 13. The testimony was sufficient to allow the jury to determine whether the State had proven that McLaurin was operating a motor vehicle while having a blood alcohol content of .10% or more. This issue is accordingly without merit.
III. DID THE COURT ERR IN ALLOWING THE USE OF THE TWO MISDEMEANOR CONVICTIONS AGAINST THE DEFENDANT?
¶ 14. McLaurin asserts that he served jail time in connection with his two misdemeanor convictions which were before Judge Johnny Hartzog. According to McLaurin, he was not represented by counsel and therefore his prior misdemeanors should not have been allowed to enhance his sentence. McLaurin testified that on his first DUI he stayed in jail for about six months before his conviction and that he worked on garbage trucks for the county in order to serve his sentence after his plea. On the second DUI, McLaurin testified that he “did some time.” McLau- *272 rin testified that both times he signed the paperwork put in front of him but neither time did he remember waiving his right to an attorney.
¶ 15. On cross-examination, McLaurin acknowledged that he could read the documents and acknowledged his signature at the bottom of waiver of attorney forms for both of his prior DUI convictions. The trial court denied the motion to exclude the prior convictions noting that it was evident McLaurin can read and he recognized and acknowledged his own signature on.the documents. . The court found it was only through McLaurin’s denial that he did not know what it was at the time, which is insufficient evidence to set them aside. Both abstracts had blanks on the line following “sentenced to,” leaving no evidence of McLaurin having served time for either of his misdemeanor convictions.
¶ 16. In Nicholson v. State, 761 So.2d 924, 931 (¶ 30) (Miss.Ct.App.2000), this Court stated that “ ‘so long as the previous uncounseled misdemeanor conviction did not result in a sentence of imprisonment,’ ... the lower court did not err in considering the prior uncounseled misdemeanor DUI in sentencing .... ” (quoting Ghoston v. State, 645 So.2d 936 (Miss.1994)). The record supports the conclusion that McLaurin received no further jail time after having pled guilty. Pretrial incarceration is of no consequence. Nicholson, 761 So.2d at 931 (¶ 29). This issue is without merit.
IV. DID THE COURT.ERR IN NOT ALLOWING THE DEFENDANT’S JURY INSTRUCTION D-8 AND, FURTHER, IN NOT ALLOWING THE DEFENDANT TO ARGUE THE RELATION BACK OR EXTRAPOLATION THEORIES TO . THE JURY?
¶ 17. McLaurin asserts that the trial court erred in not allowing his jury instruction D-8 and further erred in not allowing him to- argue the relation back or extrapolation theories to the jury. McLau-rin’s submitted jury instruction D-8 read as follows, “The Court instructs the jury that there is no presumption that the breath test results taken in this case relate back in time to the condition of the Defendant, James Edward McLaurin, at the time of driving.”
¶ 18. McLaurin argues that the State must prove that he was intoxicated at the time of the alleged driving offense and that a defendant is entitled to broad latitude in framing his final argument to the jury. The State counters that the defense suffered no prejudice from the denial of jury instruction D-8. Instruction C-3 informed the jury that McLaurin was presumed innocent and that the State had the burden of overcoming this presumption by proving guilt beyond a reasonable doubt of every element of the crime charged. Instruction S-l stated in part that the State was required to prove beyond a reasonable doubt that the defendant did unlawfully, willfully, and feloniously drive or operate a motor vehicle while he had an alcohol concentration of .10% or more in his blood. Instruction D-7 stated that the prohibition is against driving while having a .10% or more by weight of volume of alcohol in the blood.
¶ 19. This Court’s standard of review in reviewing jury instructions is well settled. “In determining whether error lies in the granting or refusal of various instructions, the instructions actually given must be read.as a whole.” Collins v. State, 691 So.2d 918, 922 (Miss.1997) (citing Hickom-bottom v. State, 409 So.2d 1337, 1339 (Miss.1982)). “When so read, if the instructions fairly announce the law of the case and create no injustice, no reversible *273 error will be found.” Id. McLaurin cites no authority for his argument that instruction D-8 should have been granted. In reading the instructions submitted to the jury as a whole, the jurors were adequately instructed that McLaurin was presumed innocent and that the State had the burden to prove every element of the offense beyond a reasonable doubt, including the fact that McLaurin had a blood alcohol level of .10% or more at the time he was operating a motor vehicle.
¶ 20. In regard to MeLaurin’s closing argument, a defendant is entitled to broad latitude in framing his final arguments to the jury. Neal v. State, 451 So.2d 743, 762 (Miss.1984) (citing Gray v. State, 351 So.2d 1342, 1346-47 (Miss.1977); Johnson v. State, 416 So.2d 383, 391-92 (Miss.1982)). The defendant may not, however, “state facts which are not in evidence, and which the court does not judicially know, in aid of his evidence.” Johnson, 416 So.2d at 392. McLaurin wanted to argue that it was possible he drank immediately before driving and that the alcohol had not reached his blood stream at the time he was stopped but appeared on the breath test taken an hour later. He did not present any evidence during trial supporting this allegation, and his own admissions to the officers were that he had been drinking straight gin several hours prior to driving and then being stopped by the officers. The trial judge did not err in refusing MeLaurin’s theories during closing arguments. This issue is without merit.
¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY OF CONVICTION OF FELONY DRIVING UNDER THE INFLUENCE • AND SENTENCE OF FIVE YEARS TO RUN CONSECUTIVELY TO THE SENTENCE PRESENTLY BEING SERVED IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
KING, C.J., LEE, P.J., IRVING, MYERS, CHANDLER, GRIFFIS, AND BARNES, JJ., CONCUR.