956 So.2d 322 (2007)
Jason HOLLAND a/k/a Jason Allan Holland, Appellant
v.
STATE of Mississippi, Appellee.
Paul Sookraj, Appellant
v.
State of Mississippi, Appellee.
Jason Holland a/k/a Jason Allan Holland and Paul Sookraj, Appellant
v.
State of Mississippi, Appellee.
Nos. 2005-CA-01669-COA, 2005-CA-01673-COA, 2002-KA-01921-COA.
Court of Appeals of Mississippi.
February 6, 2007.
Rehearing Denied May 15, 2007.
*324 Jefferson D. Gilder, attorney for appellant.
Office of the Attorney General by Jeffrey A. Klingfuss, attorney for appellee.
Before MYERS, P.J., CHANDLER and ROBERTS, JJ.

PROCEDURAL HISTORY AND STATEMENT OF THE FACTS
MYERS, P.J., for the Court.
¶ 1. On March 26, 2002 a woman was robbed at gun point in the Wal-Mart parking lot in Olive Branch, Mississippi. The victim's description of her assailants and the vehicle in which they fled led to the apprehension of Jason Holland and Paul Sookraj, the appellants herein. Sookraj and Holland both confessed to Olive Branch police that they conspired to commit the robbery and that Sookraj had been the gunman, while Holland had driven the getaway car. The two men then led police to a residential trash can in Memphis, Tennessee, where they had disposed of the victim's purse. On October 14, 2002, in the DeSoto County Circuit Court, Holland and Sookraj, each represented by separate counsel, pled guilty to the crime of armed robbery in violation of Mississippi Code Annotated section 99-39-1 (Rev.2000). Holland was sentenced to twenty years in the custody of the Mississippi Department of Corrections, with eight years to serve and twelve years suspended; Sookraj was sentenced to twenty years in the custody of the Mississippi Department of Corrections, with ten years to serve and ten years suspended.
¶ 2. Following their sentencing on November 8, 2002, Holland and Sookraj, through their new joint counsel, filed separate motions to withdraw their guilty pleas. The circuit court entered separate orders denying the motions to withdraw the pleas, finding that the court had no authority to reduce, suspend, or otherwise alter a lawfully imposed sentence. The circuit court order further stated that the proper procedure for the relief sought by Holland and Sookraj was to petition under the Mississippi Uniform Post-Conviction Collateral Relief Act, Mississippi Code Annotated section 99-39-1. Holland and Sookraj then appealed the circuit court's denial of their respective motions to withdraw their pleas of guilt to this Court. On motion of the State of Mississippi, Holland's and Sookraj's consolidated appeal *325 was dismissed on November 4, 2003. See Sookraj v. State, No.2002-KA-01921-COA (Miss.Ct.App. Nov.4, 2003).
¶ 3. On March 2, 2005, Holland and Sookraj filed separate petitions for post-conviction collateral relief with the Circuit Court of DeSoto County. In their petitions, Holland and Sookraj each raised the issues of insufficient assistance of counsel and involuntariness of the pleas. Finding both Holland's and Sookraj's claims to be without merit, the circuit judge dismissed the petitions without holding an evidentiary hearing. From the circuit court's ruling, Holland and Sookraj now bring this consolidated appeal and raise the following issues, which we quote verbatim:
Issue 1: Did the Court err in finding that Mr. Sookraj and Mr. Holland had not made a prima facie case so that at least a hearing was required?
Sub-Issue A: Was the promise of the officers prior to getting the confession enforceable?
Sub-Issue B: Was the confession tainted by promises of leniency which were specific enough to warrant reliance?
Sub-Issue C: Was the identification of Mr. Sookraj in the photo lineup tainted due to one Indian and five black males?
Sub-Issue D: Was other evidence subject to suppression due to the fruit of the poisonous tree?
Sub-Issue E: Was counsel ineffective for Mr. Holland and/or Mr. Sookraj?
¶ 4. In their reply brief, Holland and Sookraj attempt to define sub-issues A-D as issues that deal only with the prejudice to a defense under the second prong of the Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) test for ineffective assistance of counsel, rather than non-jurisdictional defects or rights incident to a jury trial that would be deemed waived by the entry of their guilty pleas. However, what is clearly under attack in the appellant's brief is the voluntariness of the confessions, and therefore, the voluntariness of the guilty pleas, as well as the ineffectiveness of Holland's and Sookraj's separate counsel in advising them that the police officers' promises of leniency in sentencing were not enforceable, and the cumulative effect of those three issues on the necessity of an evidentiary hearing before the trial court. Thus, we must address the following three issues:
I. WHETHER THE CONFESSIONS WERE VOLUNTARY?
II. WHETHER THE GUILTY PLEAS WERE KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY MADE?
III. WHETHER COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE?
¶ 5. Finding no error, we affirm.

STANDARD OF REVIEW
¶ 6. This Court employs the "clearly erroneous" standard when reviewing a trial court's denial of post-conviction relief. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999). The trial court's denial of post-conviction relief will not be addressed absent a finding that the trial court's finding was clearly erroneous. Andrews v. State, 932 So.2d 61, 62(¶ 4) (Miss.Ct.App. 2006). However, we review questions of law de novo. Brown, 731 So.2d at 598(¶ 6).

LEGAL ANALYSIS
¶ 7. Holland and Sookraj first assert that the trial court erred in failing to conduct an evidentiary hearing to determine whether their guilty pleas were involuntary, and second that they received constitutionally ineffective assistance of *326 counsel when entering their separate guilty pleas. In order to have obtained the right to an evidentiary hearing on the merits of their ineffective assistance of counsel claims, Holland and Sookraj were required to establish a prima facie case in their petitions to the lower court. Robertson v. State, 669 So.2d 11, 13 (Miss.1996). When a motion for post-conviction relief is filed, the trial judge is obligated to review the motion, all files, records, transcripts, and correspondence relating to the judgment. Miss.Code Ann. § 99-39-11(1) (Rev.2000); Cole v. State, 608 So.2d 1313, 1325 (Miss.1992). If upon such review it is clear that there is no entitlement to relief, the judge may enter an order dismissing the action. Miss.Code Ann. § 99-39-11(2) (Rev.2000); Cole, 608 So.2d at 1324. "We adhere to the principle that a post-conviction relief petition which meets basic pleading requirements is sufficient to mandate an evidentiary hearing unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Robertson, 669 So.2d at 13 (citing Harveston v. State, 597 So.2d 641, 643 (Miss. 1992)). A post-conviction claim for relief is properly dismissed without the benefit of an evidentiary hearing where it is manifestly without merit. Id. (citing Sanders v. State, 440 So.2d 278, 284 (Miss.1983)).
I. WHETHER THE CONFESSIONS WERE VOLUNTARY?
¶ 8. Holland and Sookraj argue that their confessions were not voluntary because they relied on alleged promises made by Olive Branch police officers that they would receive lighter sentences, such as boot-camp or probation, if they confessed to the armed robbery. The State argues that Holland and Sookraj waived any right to exclude the allegedly coerced confessions when they voluntarily pled guilty to the charge of armed robbery.
¶ 9. We have consistently "recognized that a valid guilty plea operates as a waiver of all non-jurisdictional rights or defects which are incident to trial." Swindoll v. State 859 So.2d 1063, 1065(¶ 9) (Miss.Ct. App.2003) (quoting Anderson v. State, 577 So.2d 390, 391 (Miss.1991)). Included in these rights are "those secured by the Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States, as well as those comparable rights secured by Section[s] 14 and 26, Article 3, of the Mississippi Constitution of 1890." Id. (quoting Sanders v. State, 440 So.2d 278, 283 (Miss. 1983)). Accordingly, if Holland and Sookraj entered valid guilty pleas, then they explicitly waived any right to suppress the alleged coerced confessions. Since Holland and Sookraj have also raised the issue as to whether their pleas were indeed valid, we find that any ruling as to the voluntariness of the confession, or waiver thereof, necessarily depends on our holding as to the validity of the guilty plea.
II. WHETHER THE GUILTY PLEAS WERE KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY MADE?
¶ 10. Holland and Sookraj argue that their separate pleas were not entered knowingly, intelligently or voluntarily. They claim that their separate former counsel incorrectly advised them that the alleged promises of leniency in sentencing, made by the Olive Branch police to elicit their confessions, could not be enforced. Holland and Sookraj claim to have relied on this advice when entering their separate guilty pleas. On appeal, Holland and Sookraj claim that they would not have pled guilty if they had known that the court could have been bound by their reliance on the officers' promises or that their confessions could have been excluded.
*327 ¶ 11. Our standard of review for considering the voluntariness of a guilty plea is well-settled. "This court will not set aside findings of a trial court unless such findings are clearly erroneous." Swindoll, 859 So.2d at 1065(¶ 9) (quoting Weatherspoon v. State, 736 So.2d 419, 421(¶ 5) (Miss.Ct.App.1999)). A guilty plea is not binding upon a criminal defendant unless it is entered voluntarily and intelligently. Myers v. State, 583 So.2d 174, 177 (Miss.1991). A plea is deemed "voluntary and intelligent" only where the defendant is advised concerning the nature of the charge against him and the consequences of the plea. Wilson v. State, 577 So.2d 394, 396-97 (Miss.1991). In addition, the court must examine the entire record to determine whether the pleas were made knowingly, intelligently, and voluntarily. Weatherspoon v, 736 So.2d at 421(¶ 5). The burden of establishing a claim for an involuntary guilty plea is on the petitioner. Green v. State, 802 So.2d 181, 184(¶ 19) (Miss.Ct.App.2001).
¶ 12. The record does not support Holland's and Sookraj's claims that their guilty pleas were involuntary. As noted above, Holland and Sookraj claim that their separate former counsel failed to advise them that the alleged promises of leniency in sentencing were enforceable, and that their confessions, based on reliance on those alleged promise of leniency in sentencing, could be excluded from evidence at trial. However, in their sworn petitions to enter a guilty plea, both Holland and Sookraj stated under oath that "[m]y lawyer has advised me of the nature of the charge and the possible defenses that I may have to the charge," and each declared that "no officer or agent of any branch of government, nor any other person has made me any promises or inducements of any kind to me or within my knowledge to anyone else that I will receive a lighter sentence, probation, early release, or any other form of leniency if I plead guilty." Additionally, at the guilty plea hearing, the circuit court judge completed a detailed inquiry into the voluntariness of the pleas. That inquiry follows:
By the Court: You both understand that you are being charged with conspiracy to commit armed robbery and armed robbery?
By Holland: Yes, sir.
By Sookraj: Yes, sir.
By the Court: Have you fully discussed all the facts and circumstances surrounding your case with your lawyers?
By Holland: Yes, sir.
By Sookraj: Yes, sir.
By the Court: Have they explained to you and do you understand what the charges mean?
By Holland: Yes, sir.
By Sookraj: Yes, sir.
By the Court: Have they talked to you about any defenses you might have if you went to trial?
By Holland: Yes, sir.
By Sookraj: Yes, sir.
By the Court: Are you satisfied with the advice they've given you?
By Holland: Yes, sir.
By Sookraj: Yes, sir.
By the Court: After full discussions of your case, was it your own decision to enter a plea of guilty?
By Holland: Yes, sir.
By Sookraj: Yes, sir.
By the Court: Has any body promised y'all anything or offered you any reward trying to get you to plead guilty?
By Holland: No, sir.
By Sookraj: No, sir.
*328 ¶ 13. After review of the record, we find that the trial judge took every precaution in assuring that Holland's and Sookraj's pleas were indeed voluntary. There is ample support in the petition and the hearing transcript to support the trial judge's finding that the pleas were knowingly, intelligently, and voluntarily given. "The Court can place great weight on the sworn testimony of a defendant given at a plea hearing leaving the defendant with a high hurdle in recanting that testimony." Pevey v. State, 914 So.2d 1287, 1290(¶ 8) (Miss.Ct.App.2005). When one "stand[s] in open court and proclaim[s] his guilt," he waives the right to later assert his confession was involuntary. Garner v. State, 864 So.2d 1005, 1008(¶ 14) (Miss.Ct.App.2004) (citing Tollett v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973)). In Tollett, the United States Supreme Court held:
[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.
Tollett, 411 U.S. at 267, 93 S.Ct. 1602. The hearing transcript reflects that both Holland and Sookraj admitted their guilt in open court. We hold their pleas to be knowingly, intelligently, and voluntarily made, and as a result Holland and Sookraj waived any rights regarding the alleged coerced confession.
III. WHETHER COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE?
¶ 14. Holland and Sookraj finally argue that they received constitutionally ineffective assistance of counsel. They claim that their separate counsel incorrectly advised them that the alleged promises of leniency in sentencing, made by the Olive Branch police to elicit their confessions, could not be enforced. Holland and Sookraj claim to have relied on their separate former attorneys' advice when entering their separate guilty pleas. On appeal, Holland and Sookraj claim that they would not have pled guilty had they known that the trial court could have been bound by their reliance on the officers' promises of leniency in sentencing.
¶ 15. We review Holland's and Sookraj's claims of ineffective assistance of counsel under the familiar two-pronged test of Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984). In order to have been afforded an evidentiary hearing on this issue, Holland and Sookraj must have established by prima facie evidence in their motion for post-conviction relief (1) that the performance of the their separate counsel was deficient, and (2) but for the deficiencies, the outcome of the trial would have been different. Ward v. State, 914 So.2d 332, 336(¶ 12) (Miss.Ct. App.2005). The burden of proof under both prongs of the Strickland test rests with Holland and Sookraj. Taylor v. State, 682 So.2d 359, 363 (Miss.1996). Further, "the adequacy of counsel's performance, as to its deficiency and prejudicial effect, should be measured by a `totality of the circumstances.'" Id. In addition, "there is a strong but rebuttable presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id.
¶ 16. If true, Holland's and Sookraj's counsels' alleged advice that the promises of leniency in sentencing, made by police when eliciting their confessions, could not be enforced would be an incorrect statement of the law. See Miller v. State, 243 *329 So.2d 558 (Miss.1971). However, at no time prior to sentencing did Holland or Sookraj offer any evidence that the statements made to them by the Olive Branch police had anything to do with their confessions or their guilty pleas. Consequently, the officers' alleged promises cannot be said to be the proximate cause of the confessions. Jones v. State, 776 So.2d 643, 650(¶ 25) (Miss.2000). Moreover, the petitions and the hearing transcripts outlined above are abundantly clear. The trial judge asked Holland and Sookraj very particular questions regarding their representation. Holland nor Sookraj presented any testimony that either of their separate former counsel had misadvised them or as to the possibility that their confessions were the result of promises of leniency in sentencing. Both Holland and Sookraj were specifically asked if they were satisfied with the representation provided by their attorneys, and both answered in the affirmative. Therefore, in light of the facts of this case, we hold that Holland and Sookraj brought forth no evidence of constitutionally ineffective assistance of counsel and the issue is without merit.

CONCLUSION
¶ 17. Our review of the record in this case demonstrates that the trial judge's decision to dismiss Holland's and Sookraj's petitions for post-conviction relief without an evidentiary hearing was not clearly erroneous. The record clearly indicates that the issues raised in the petition are manifestly without merit, and we find that the trial judge acted well within his discretion when he dismissed the petitions without conducting an evidentiary hearing, and upon a finding that Holland and Sookraj could prove no set of facts which would entitle them to relief. Accordingly, the denial of Holland's and Sookraj's petitions for post-conviction relief is affirmed.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY DENYING THE PETITIONS FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
KING, C.J., LEE, P.J., CHANDLER, GRIFFIS, ISHEE, AND ROBERTS, JJ., CONCUR. IRVING AND BARNES, JJ., CONCUR IN RESULT ONLY. CARLTON, J., NOT PARTICIPATING.