## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

### NO. 2018-CP-00669-COA

**GREGORY PAUL CARR A/K/A GREGORY CARR A/K/A GREGORY P. CARR**  APPELLANT

**v.**

**STATE OF MISSISSIPPI**  APPELLEE

DATE OF JUDGMENT:                 03/29/2018
TRIAL JUDGE:                      HON. W. ASHLEY HINES
COURT FROM WHICH APPEALED:        WASHINGTON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:           GREGORY PAUL CARR (PRO SE)
ATTORNEY FOR APPELLEE:            OFFICE OF THE ATTORNEY GENERAL
                                  BY: SCOTT STUART
NATURE OF THE CASE:               CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                      AFFIRMED - 03/10/2020
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE J. WILSON, P.J., TINDELL AND C. WILSON, JJ.**

**C. WILSON, J., FOR THE COURT:**

¶1.     Gregory Carr appeals, pro se, the Washington County Circuit Court's denial of his motion for post-conviction relief (PCR). After considering the issues Carr raises, we find no error and affirm.

### FACTS AND PROCEDURAL HISTORY

¶2.     Carr's PCR appeal stems from three separate indictments. On January 13, 2013, a Washington County grand jury indicted Carr for burglary (Count I), for aggravated assault (Count II), and as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev. 2007) (Washington County cause no. 2013-0289). On December 18, 2014, Carr was

indicted for unlawful possession of a firearm or weapon by a felon and as a habitual offender in accordance with section 99-19-81 (Washington County cause no. 2014-0264). Carr was indicted a third time on June 18, 2015, for two counts of automobile burglary and as a habitual offender pursuant to Mississippi Code Annotated section 99-19-83 (Rev. 2007) (Washington County cause no. 2015-0094).

¶3. Carr was represented by counsel in the circuit court. On December 3, 2015, Carr filed two petitions to enter guilty pleas. In cause number 2013-0289, Carr admitted that he had assaulted Kevin Matthews in July 2013, and Carr agreed to plead guilty to aggravated assault. In exchange for Carr's guilty plea, the State, apparently intending to reference the burglary charge in Count I, agreed to "dismiss Count II and the habitual portion of this indictment" and recommended that Carr be sentenced to fifteen years in the custody of the Mississippi Department of Corrections (MDOC), with ten years to serve and five years of post-release supervision.

¶4. Carr also agreed to plead guilty to one count of automobile burglary charged in cause number 2015-0094. In his plea petition, Carr admitted that "on or around July 31, 2014[,] [he] broke into and entered a vehicle with the intent to take the property located therein," and he acknowledged that if the court accepted the State's recommendation, he would be sentenced as a habitual offender to serve seven years in MDOC's custody. Carr stated that he understood that this sentence would be set to run concurrently with the proposed sentence in cause number 2013-0289. In exchange for this guilty plea, the State agreed to dismiss the other automobile-burglary count in cause number 2015-0094 and dismiss cause number

2014-0264 in its entirety.

¶5.     A guilty-plea hearing was held the same day.  During the hearing, the circuit court outlined the rights that Carr was waiving by pleading guilty, and the court ensured that Carr understood both the factual basis for each charge and the consequences of his guilty pleas. Carr acknowledged his plea petitions, agreeing that he "presented the [c]ourt a petition and guilty plea to one count of automobile burglary in 2015-0094 and one count [of] aggravated assault in 2013-0289."  The circuit court informed Carr of the minimum and maximum penalties for automobile burglary and aggravated assault, which Carr stated he understood.

¶6.     The prosecutor recited the alleged facts related to the relevant automobile burglary charge in cause number 2015-0094, stating that "on or about [July 31, 2014,] [Carr] did unlawfully, willingly, feloniously and burglariously break into a gray 2005 Chevy Trailblazer, . . . with the intent to take, steal and carry away the merchandise and/or personal property located for use therein."  Carr admitted these facts as true, and when the court asked how he pled to the charge of automobile burglary, Carr responded, "Guilty."  The circuit court accepted Carr's guilty plea to the burglary charge and found it to be "knowingly, willingly, and voluntarily entered."

¶7.     The prosecutor then recited the factual basis for Carr's 2013 aggravated-assault charge, namely "that [Carr] did unlawfully, willfully, and feloniously attempt to cause bodily injury to Kevin Matthews by attempting to hit [Matthews] with an automobile . . . ."  The circuit court asked Carr if he accepted the facts as true, and Carr replied, "Yeah."  The circuit court continued, "And as to this charge *of aggravated assault*, how do you plead?  Guilty or

3

not guilty?" (Emphasis added). Carr responded, "Guilty." The circuit court accepted Carr's guilty plea to aggravated assault and likewise found it to be "knowingly, willingly, and voluntarily entered."

¶8.    Regarding the habitual offender enhancement alleged in cause number 2015-0094, the State made an ore tenus motion during the guilty plea hearing "to amend the indictment to reflect that it is [a section 99-19-81] habitual rather than [a section 99-19-83] habitual." The State asserted that "[i]f we don't do that and if he pleads as an '83 . . . it will tentatively give him life." Amending the indictment thus benefitted Carr by "allow[ing] [the agreed upon] sentence to happen." Carr's counsel did not object to this motion but instead stated that this amendment reflected Carr's "understanding of the offer from the State, and that is the understanding that Mr. Carr has accepted . . . ." The circuit court accordingly granted the State's motion to amend Carr's indictment in cause number 2015-0094. Carr then pled guilty to the habitual offender allegations in cause number 2015-0094 and acknowledged as true the facts surrounding the enhancement based on three prior convictions: a 1983 conviction for burglary, a 1989 conviction for simple assault on a law enforcement officer, and a 2006 conviction for shoplifting. Again, the circuit court found that Carr entered this plea knowingly, willingly, and voluntarily.

¶9.    After the circuit court accepted Carr's guilty pleas and excused Carr from the courtroom, the following exchange took place between the court and the prosecutor:

The Court:    . . . What is the State's intent on . . . 2014-0264?

[Counsel]:    The State will *nol pros* that charge as well and provide the Court with an order.

The Court:    Also on Count Two on each one of these cases [(causes 2013-0289 and 2015-0094)].

[Counsel]:    Yes, sir.

¶10.    Based on this exchange, the circuit court entered its sentencing order in cause number 2013-0289 on December 8, 2015.  The court's order again expressly found that Carr knowingly, willingly, and voluntarily pled guilty to aggravated assault.  As agreed to by the State and Carr, the circuit court sentenced Carr to fifteen years in the MDOC's custody for aggravated assault, with ten years to serve and five years of post-release supervision.  The court ordered that "all the time to be served by [Carr] in this cause shall run concurrent to all time served . . . in . . . cause number 2015-0094."  In cause number 2015-0094, the circuit court sentenced Carr as a habitual offender to serve seven years in the MDOC's custody for one count of automobile burglary, also in accordance with his guilty plea petition and agreement with the State.

¶11.    The same day, the circuit court entered an "Order for Nolle Prosequi as to Count II Only" in cause number 2013-0289.  In that order, the court held "that COUNT II, Burglary of a dwelling, in [cause number 2013-0289] is dismissed, as this defendant has pled guilty in Cause Number 2015-0094 (count one), auto burglary as a 99-19-81 habitual offender and 2013-0289 (count one), aggravated assault, and has been sentenced."  The order transposed Counts I and II of the indictment in cause number 2013-0289, as burglary[1] was charged in Count I, not Count II, and aggravated assault was charged in Count II, not Count I.  The

---

[1] Based on the allegations set forth in the indictment, Carr was not charged with "burglary of a dwelling," as the court's order recited, but with burglary of an automobile.

5

circuit court's order echoed the exchange between the court and the State during Carr's plea hearing in which the State agreed that it would "*nol pros* . . . Count Two on each one of these cases." This clerical confusion is the genesis of this case.

¶12. On August 21, 2017, Carr filed a "Motion to Vacate, Set Aside, Sentence Order, Sentence, and Conviction." In the motion, Carr asserted that because Count II of the indictment in cause number 2013-0289 charged him with aggravated assault, and because the "Order for Nolle Prosequi as to Count II Only" dismissed Count II, his sentence for aggravated assault is void and invalid. Carr filed a "motion to amend" his motion on August 22, 2017, and filed the same motion to amend again on September 6, 2017. In his motions to amend, Carr sought to be discharged from all charges in cause number 2013-0289 and for that cause to be dismissed with prejudice.

¶13. The Washington County Circuit Court treated Carr's original motion as a PCR motion. On March 27, 2018, the circuit court denied both Carr's original motion and motions to amend, finding as follows:

> It is clear from Carr's plea petition and the transcript of the plea hearing that the parties intended for Carr to enter a plea of guilty to the crime of [a]ggravated [a]ssault in [cause number] 2013-0289 and that the remaining count would be dismissed. . . . Carr knowingly, willingly, and voluntarily pled guilty to the crime of [a]ggravated [a]ssault in [cause number] 2013-0289 and . . . he received the sentence that he and the State agreed to for that crime. . . . [I]t is clear that the parties intended for the remaining charge of [b]urglary of a [d]welling to be dismissed. . . . [I]t was either a clerical error or a scrivener's error that caused the incongruity between the counts as listed in the indictment and as presented in the subsequent court filing and proceeding.

¶14. The circuit court concluded that the sentencing order properly reflected Carr's sentence and should not be vacated. However, the circuit court found that the "Order for

6

Nolle Prosequi as to Count II Only" in cause number 2013-0289 should be vacated. The court subsequently entered a corrected order dismissing the burglary charge as originally intended by the court and the parties.

¶15. Carr now appeals, asserting that the circuit court erred in denying his PCR motion because he did not voluntarily plead guilty to aggravated assault. Carr also contends, for the first time, that he was improperly sentenced as a habitual offender and subjected to double jeopardy. We review Carr's assignments of error in turn.

STANDARD OF REVIEW

¶16. This Court reviews the dismissal or denial of a PCR motion for abuse of discretion. *Hughes v. State*, 106 So. 3d 836, 838 (¶4) (Miss. Ct. App. 2012). "We will only reverse if the trial court's decision is clearly erroneous." *Id.* (citing *Crosby v. State*, 16 So. 3d 74, 77 (¶5) (Miss. Ct. App. 2009)). Questions of law are reviewed de novo. *Id*.

DISCUSSION

*I.    Involuntary Guilty Plea*

¶17. Carr contends that he did not voluntarily plead guilty to aggravated assault because he did not understand that he was pleading guilty to aggravated assault. Carr asserts that the plea negotiations resulted in an agreement that the State would dismiss the aggravated-assault charge and that he would enter guilty pleas to two charges of automobile burglary. For support, Carr relies upon the plea-hearing transcript and the December 8, 2015 "Order for Nolle Prosequi as to Count II Only," which, as noted above, transposed the two counts in the indictment in cause number 2013-0289 and ordered that "*COUNT II, Burglary of a dwelling*,

7

in [cause number 2013-0289] is dismissed . . . ." (Emphasis added).  Despite any confusion caused by the scrivener's error, Carr's contention is without merit.

¶18.    "In order to be valid, a guilty plea must be entered voluntarily and intelligently, meaning that the defendant is 'advised concerning the nature of the charge against him and the consequences of the plea.'" *Gaulden v. State*, 240 So. 3d 503, 507-08 (¶13) (Miss. Ct. App. 2018) (quoting *Holland v. State*, 956 So. 2d 322, 327 (¶11) (Miss. Ct. App. 2007)). Carr, "as the movant, has the burden of establishing his involuntary-guilty-plea claim." *Id*. (citing *Holland*, 956 So. 2d at 327 (¶11); *Green v. State*, 802 So. 2d 181, 184 (¶19) (Miss. Ct. App. 2001)).

¶19.    Carr fails to meet his burden; if anything, the record contradicts his claim.  "Great weight is given to statements made under oath and in open court . . . ." *Berry v. State*, 230 So. 3d 360, 364 (¶13) (Miss. Ct. App. 2017).  Here, in open court and under oath, Carr acknowledged the contents of his petition to plead guilty to one count of aggravated assault, admitted the factual basis underlying the aggravated-assault charge, and actually pled guilty to aggravated assault.  Reviewing Carr's plea petition and the plea-hearing transcript, it is quite clear that as the circuit court found, Carr "knowingly, willingly, and voluntarily pled guilty to the crime of [a]ggravated [a]ssault in [cause number] 2013-0289 and . . . received the sentence that he and the State agreed to for that crime . . . ."  The record further demonstrates that Carr was "advised concerning the nature of the charge against him and the consequences of the plea," *Gaulden*, 240 So. 3d at 507-08 (¶13), and Carr stated that he understood both the charge and the consequences.  Accordingly, the circuit court did not

8

abuse its discretion in finding that Carr knowingly, voluntarily, and intelligently pled guilty to aggravated assault and that "the incongruity between the counts as listed in the indictment and as presented in the subsequent court filing and proceeding" was insufficient to invalidate either Carr's guilty plea or sentence.

## II.    Habitual Offender Enhancement

¶20.    Carr also contends that he was improperly sentenced as a habitual offender in cause number 2015-0094. First, Carr contends that the sentence is illegal because the State failed to meet its evidentiary burden, as it did not produce "any pen packs or affidavits" at the sentencing hearing. He further contends that the circuit court erred by failing to conduct a bifurcated hearing before sentencing him as a habitual offender. Second, Carr contends that the circuit court erred in granting the State's ore tenus motion to amend the indictment in cause number 2015-0094 during the guilty-plea hearing because the change in the indictment was one of substance. As such, Carr asserts that this sentence is illegal because the indictment was required to be amended by the grand jury. Lastly, Carr contends that he was subjected to double jeopardy because one of the prior convictions used to prove the habitual offender enhancement of his automobile-burglary sentence had already been used to enhance another sentence for a separate charge.

¶21.    As a threshold matter, reviewing Carr's original and amended PCR motions, it is clear that he failed to raise these issues before the circuit court and instead asserts them for the first time on appeal. It is well settled that "[a] petitioner who fails to raise an issue in his PCR motion may not raise that issue for the first time on appeal." *Jones v. State*, 203 So. 3d 657,

9

660 (¶17) (Miss. Ct. App. 2016) (quoting *Bass v. State*, 174 So. 3d 883, 885 (¶7) (Miss. Ct. App. 2015)).   To survive this procedural bar, Carr asserts that his claims implicate fundamental rights.  "[E]rrors affecting fundamental constitutional rights are excepted from the procedural bars . . . ."  *Rowland v. State*, 42 So. 3d 503, 507 (¶12) (Miss. 2010).  The "fundamental-rights exceptions . . . expressly found to survive procedural bars [include] the right against double jeopardy . . . [and] the right to be free from an illegal sentence . . . ."  *Nichols v. State*, 265 So. 3d 1239, 1242 (¶10) (Miss. Ct. App. 2018).

¶22.   Here, to the extent that Carr's claims constitute "fundamental-rights exceptions" to the procedural bar, we find them meritless.  First, the State offered sufficient proof of Carr's habitual offender status, and the circuit court was not required to hold a bifurcated hearing before accepting Carr's resulting guilty plea.  To substantiate a habitual offender conviction, "[a]ll that is required is that the accused be properly indicted as an habitual offender; that the prosecution prove the prior offenses by competent evidence; and that the defendant be given a reasonable opportunity to challenge the prosecution's proof."  *Crouch v. State*, 826 So. 2d 772, 775 (¶4) (Miss. Ct. App. 2002) (citations omitted).  The record here reflects that Carr was properly indicted as a habitual offender.  Further, the State offered three prior convictions to support Carr's habitual offender enhancement.  As with the aggravated assault and burglary charges, Carr did not challenge the State's proffer of facts related to his prior convictions.  Instead, he admitted them and pled guilty to burglary as a habitual offender.  *See id.* at 775-76 (¶4) (concluding that the defendant was not entitled to a separate hearing on his habitual offender status because he had been "properly indicted as a habitual offender,

10

and although he had ample opportunity to challenge his prior offenses, he chose to admit them"). Against this record, we find no error in the circuit court's acceptance of Carr's guilty plea as a habitual offender.

¶23. Carr's assertion that the circuit court improperly granted the State's motion to amend the indictment in cause number 2015-0094 (to allow a more lenient sentence for Carr's habitual offender status) also misses the mark. In briefing on appeal, Carr asserts that the amendment affected his fundamental right to be free from an illegal sentence and constituted a due process violation. But the change was for Carr's benefit. Indeed, rather than object to the State's motion, Carr's counsel affirmatively agreed to the relief requested, confirming that the amendment reflected Carr's "understanding of the offer from the State, and that is the understanding that Mr. Carr has accepted . . . ." Carr cannot now, having "benefitted from the lenience of the [trial] court judge . . . , argue that such leniency was a violation of his fundamental rights." *McGleachie v. State*, 800 So. 2d 561, 563 (¶4) (Miss. Ct. App. 2001) (holding that if such an error in sentencing "is, in fact, an error at all, it is a harmless error rather than a fundamental one" that benefitted defendant).

¶24. Carr's double jeopardy argument also lacks merit. Carr contends that he was subjected to double jeopardy because one of the prior convictions used to enhance his automobile-burglary sentence had already been used to enhance a prior sentence. But Carr misapprehends the applicability of double jeopardy to his habitual-offender burglary sentence. "Double jeopardy, which is prohibited by the Fifth Amendment of the United States Constitution and Article 3, Section 22 of the Mississippi Constitution, occurs when

11

an accused is subjected to being tried twice for the same offense." *Horn v. State*, 825 So. 2d 725, 727 (¶15) (Miss. Ct. App. 2002) (citing *State v. Fleming*, 726 So. 2d 113, 115 (¶8) (Miss. 1998)); *see Blockburger v. United States*, 284 U.S. 299, 304 (1932). Carr has not been punished twice for any offense as a result of the enhancement of his instant sentence for automobile burglary.

¶25. The State offered evidence of three prior convictions for the purpose of showing that Carr was a habitual offender,[2] such that the sentence for Carr's current burglary charge could properly be enhanced. "Prior convictions [that] are 'constitutionally valid in and of themselves' may appropriately be used to enhance punishments for subsequent convictions." *Horn*, 825 So. 2d at 727 (¶16) (quoting *Bailey v. State*, 728 So. 2d 1070, 1072-73 (¶12) (Miss. 1997)). A "sentence enhancement does not set out separate elements of an underlying felony." *Clark v. State*, 127 So. 3d 292, 298 (¶18) (Miss. Ct. App. 2013). The fact that one of those convictions had also been used to enhance an earlier sentence for an unrelated offense did not subject Carr to double jeopardy here. *See Horn*, 825 So. 2d at 727 (¶16) (holding that the use of prior DUI convictions to enhance a defendant's new DUI conviction did not violate double jeopardy because the defendant was not being punished for prior

---

[2] Under Mississippi Code Annotated section 99-19-81, the State was only required to offer evidence of *two* prior convictions in order to enhance Carr's current burglary charge. Under section 99-19-81, "[e]very person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony . . . ." Thus, even without the prior conviction that forms the basis for Carr's double jeopardy argument, the State offered proof sufficient to support Carr's conviction as a habitual offender here.

12

convictions in the subsequent case). Given proof that Carr was a habitual offender, he simply faced an enhanced punishment for his current burglary charge, not a second punishment for any prior offenses. As with Carr's other contentions regarding his habitual offender conviction, his double jeopardy claim is without merit.

¶26. **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR.**