860 So.2d 1244 (2003)
Johnny Ray HOLLOWAY, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-KA-00926-COA.
Court of Appeals of Mississippi.
December 2, 2003.
*1245 Gus Grable Sermos, Summit, attorney for appellant.
Office of the Attorney General by Jeffrey A. Klingfuss, attorney for appellee.
Before KING, P.J., IRVING and GRIFFIS, JJ.
KING, P.J., for the Court.
¶ 1. Johnny Ray Holloway was convicted of the operation of a motor vehicle while under the influence of intoxicating liquor in Walthall County. He was sentenced to serve a term of five years in the custody of the Mississippi Department of Corrections, ordered to complete alcohol and drug treatment, get a GED, and pay a fine and court costs. Aggrieved by his conviction and sentence, Holloway has appealed and raises the following issue:
Whether the trial court erred in failing to grant Holloway's motion for a judgment notwithstanding the verdict.

FACTS
¶ 2. Holloway testified that on December 21, 2001, at approximately 9:00 p.m., he drove to a club in Hakley, Louisiana. He indicated that he drank one sixteen-ounce beer and at 9:30 p.m., decided to return to his home in Foxworth, Mississippi. According to Holloway, while driving home near Dexter, he heard a popping noise and pulled to the side of the road, where the vehicle just shut down. Holloway stated that the power went off and he steered the vehicle out of the road. According to Holloway, his cell phone would not work in that area, so after moving the vehicle, he moved to the passenger side and lay on the front seat.
¶ 3. Deputy Sheriff Norman Goleman of the Walthall County Sheriff's Department testified that he received a call on December 22, 2001, between midnight and 1:00 a.m., regarding a vehicle on Highway 48 East of Dexter, which may have been broken down. Upon arriving at that location, Goleman and Deputy Randy Boyd saw a vehicle parked just across the bridge, on the highway in the eastbound lane, with its lights off.
¶ 4. Goleman went to the driver's side of the vehicle and saw a male (Holloway) asleep behind the steering wheel of the vehicle. He tapped on the window until Holloway responded and then asked him to exit the vehicle. Goleman asked for Holloway's driver's license, Holloway said he did not have it with him. Goleman then asked for Holloway's driver's license number or his social security number. A check of the number given by Holloway showed that the license was suspended. Goleman indicated that he smelled the odor of alcohol emanating from Holloway's breath as he inquired about the driver's license number. At this time, Goleman noted that Holloway's speech was slurred as well.
¶ 5. Goleman testified that Holloway was kind of swaying as he was questioned about his driver's license and why his car was parked in the road. Holloway indicated that he heard something pop on his vehicle and just stopped in the road. When asked by Goleman why he did not *1246 coast to the shoulder of the road, Holloway offered no response. When Holloway exited the vehicle, Goleman noticed that Holloway's eyes were dilated and glassy. After questioning Holloway, Goleman placed him under arrest for "driving under a suspended license."
¶ 6. Goleman did not attempt to start Holloway's vehicle and was thus unable to state whether it was in working condition. Following standard procedure, a tow truck was called to pick up the vehicle.
¶ 7. Goleman took Holloway to the sheriff's office. En route to the sheriff's office, Holloway fell asleep. After arriving at the sheriff's office, Holloway was advised of his rights, and then consented to take the intoxilyzer test. The results indicated that Holloway had a blood alcohol content of.125.

ISSUE AND ANALYSIS
Whether the trial court erred in failing to grant Holloway's motion for a judgment notwithstanding the verdict.
¶ 8. Holloway contends that the trial court erred by failing to grant his motion for a judgment notwithstanding the verdict (JNOV). He claims there was insufficient evidence to show that he was "operating the vehicle within the meaning of Section 63-11-30(1)(a) or (c)."
¶ 9. In appeals from a denied motion for JNOV the sufficiency of the evidence as a matter of law is viewed and tested in the light most favorable to the State. McClain v. State, 625 So.2d 774, 778 (Miss.1993). The credible evidence consistent with Holloway's guilt must be accepted as true. Id. The prosecution must be given the benefit of all favorable inferences that may be reasonably drawn from the evidence. Id. We will not re-weigh the evidence, as matters regarding the weight and credibility of the evidence are to be resolved by the jury. Id. We will reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty. Id.
¶ 10. In support of his argument, Holloway cites Lewis v. State, 831 So.2d 553, 557 (Miss.Ct.App.2002), where this Court indicated that Mississippi Code Annotated Section 63-11-30 (Rev.1996) required "that the vehicle at least be capable of being moved by the defendant, whether the accused was then in the act of causing it to move or not. Both the accused and the vehicle must have a present ability to cause the hazards against which this statute attempts to protect. That hazard is a moving vehicle with an intoxicated person in control." Id. at (¶ 11).
¶ 11. In the instant case, Holloway did not indicate that anyone else had been driving. In fact, he testified that he was the person who drove the vehicle. Where the defendant admits having driven the vehicle to its present location, no additional proof of its ability to be driven is required.
¶ 12. Pursuant to Lewis, "to be guilty of driving or operating a motor vehicle while under the influence of drugs or alcohol, or with an illegally high blood-alcohol content, the person must be shown by direct proof or reasonable inferences to have driven the vehicle while in that condition, or as in Jones to be `operating' the vehicle while sitting behind the wheel, in control with the motor running." Id. at (¶ 18) (citing Jones v. State, 461 So.2d 686, 695 (Miss.1984)). A person may be arrested, tried, and convicted of operating a motor vehicle while under the influence of an intoxicating liquor even if there is no eyewitness presented who viewed the defendant operating the vehicle, provided *1247 there is sufficient evidence. Horn v. State, 825 So.2d 725 (¶¶ 6-8) (Miss.Ct.App.2002). Reasonable doubt need not be removed about whether the defendant had actually driven the vehicle prior to his discovery. Lewis, 831 So.2d at (¶ 18).
¶ 13. Holloway was charged with the felonious operation of a motor vehicle while under the influence of intoxicating liquor pursuant to Mississippi Code Annotated Section 63-11-30 (Rev.1996).[1] Holloway's statement to Deputy Goleman that he had consumed some beer prior to driving the vehicle to its then location, in conjunction with Deputy Goleman's observations of Holloway, and the results of the intoxilyzer test, provided sufficient evidence that Holloway was guilty of DUI.
¶ 14. THE JUDGMENT OF THE WALTHALL COUNTY CIRCUIT COURT OF CONVICTION OF OPERATION OF A MOTOR VEHICLE WHILE UNDER THE INFLUENCE OF INTOXICATING LIQUOR AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FINE OF $5,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WALTHALL COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.
NOTES
[1] Mississippi Code Annotated Section 63-11-30 (Rev.1996) provides in part: Operation of vehicle while under influence of intoxicating liquor, drugs or controlled substances, or other substances impairing ability to operate vehicle or with blood alcohol concentrations above specified levels; penalties generally; granting of hardship driving privileges; penalties for violations resulting in death, disfigurement, etc., of another; penalties for multiple offenses; concurrent running of suspensions.

(1) It is unlawful for any person to drive or otherwise operate a vehicle within this state who (a) is under the influence of intoxicating liquor; (b) is under the influence of any other substance which has impaired such person's ability to operate a motor vehicle; (c) has ten one-hundredths percent (.10%) or more for persons who are above the legal age to purchase alcoholic beverages under state law, or eight one-hundredths percent (.08%) or more for persons who are below the legal age to purchase alcoholic beverages under state law, in the person's blood based upon grams of alcohol per one hundred (100) milliliters of blood or grams of alcohol per two hundred ten (210) liters of breath as shown by a chemical analysis of such person's breath, blood or urine administered as authorized by this chapter; (d) is under the influence of any drug or controlled substance, the possession of which is unlawful under the Mississippi Controlled Substances Law; or (e) has an alcohol concentration of four one-hundredths percent (.04%) or more, based upon grams of alcohol per one hundred (100) milliliters of blood or grams of alcohol per two hundred ten (210) liters of breath as shown by a chemical analysis of such person's blood, breath or urine, administered as authorized by this chapter for persons operating a commercial motor vehicle.