975 So.2d 271 (2008)
Richard STUCKEY, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-KM-01589-COA.
Court of Appeals of Mississippi.
February 19, 2008.
Mose Lee Sudduth, Columbus, attorney for appellant.
Office of the Attorney General by Laura Hogan Tedder, attorney for appellee.
Before KING, C.J., ROBERTS and CARLTON, JJ.
KING, C.J., for the Court.
¶ 1. Richard Stuckey was convicted of driving under the influence, first offense, in the Justice Court of Monroe County, Mississippi. He appealed his conviction to the Circuit Court of Monroe County, Mississippi, which affirmed the conviction. Stuckey appeals the circuit court's decision, asserting that the trial court committed reversible error in overruling his motion to dismiss at the end of the State's case and at the conclusion of the trial. Finding no error in the trial court's decision, we affirm.

FACTS
¶ 2. Stuckey was arrested on July 3, 2006, for driving under the influence, first offense, and reckless driving in Monroe County, Mississippi. Stuckey was stopped by Mississippi Highway Patrolman Smith (Officer Smith) on Highway 45 South. *272 However, Highway Patrolman Brian Mobley (Officer Mobley) completed the stop. When Officer Mobley arrived at the scene, he found Stuckey exiting the driver's seat of the vehicle at Officer Smith's direction.
¶ 3. Officer Mobley testified that he smelled an odor of alcoholic beverages as he approached Stuckey's vehicle. Officer Mobley directed Stuckey to walk to the rear of the vehicle, and he began questioning Stuckey as to whether or not he had been drinking. Stuckey informed the officer that he had been drinking and that he was headed home before he was stopped by Officer Smith. Stuckey consented to a portable breath test, and the test indicated that he had consumed alcoholic beverages.
¶ 4. Officer Mobley did not administer any further field sobriety tests. He testified, however, that Stuckey displayed several signs of intoxication-slurred speech and sauntering walk. Officer Mobley testified that based on these signs, coupled with the positive portable breath test and the smell of alcoholic beverages, he took Stuckey into custody and transported him to the Monroe County Sheriff's Office to undergo an Intoxilyzer test.
¶ 5. Stuckey consented to the Intoxilyzer test, and his blood alcohol level registered at .13. Officer Mobley then placed Stuckey under arrest and charged him with driving under the influence, first offense, and reckless driving.
¶ 6. Stuckey entered a plea of nolo contender and was found guilty in the Monroe County Justice Court. He appealed the conviction to the Monroe County Circuit Court, and a bench trial was conducted on September 11, 2006. At the hearing, Officer Mobley was the only arresting officer present, and the State did not pursue the reckless driving charge.
¶ 7. The circuit court found Stuckey of guilty of driving under the influence, first offense, and sentenced him to serve forty-eight hours in jail, to pay court costs, $1,000 in fines, and to attend the Mississippi Alcohol Safety Education Program and the Victims' Impact Panel.
¶ 8. Stuckey filed a motion for judgment notwithstanding the verdict and, alternatively, for a new trial. The circuit court denied the requested relief, and Stuckey timely appealed.

STANDARD OF REVIEW
¶ 9. When considering motions to dismiss or motions for a directed verdict, we are to accept all evidence introduced by the prosecution as true. Odem v. State, 881 So.2d 940, 945(¶ 15) (Miss.Ct.App.2004) (quoting Roberson v. State, 595 So.2d 1310, 1320 (Miss.1992)). Further, if that evidence together with any reasonable inferences which may be drawn from that evidence should constitute sufficient evidence to support a verdict of guilty, then the motion should have been overruled. Id.

ANALYSIS
Whether the trial court committed reversible error in overruling Stuckey's motion to dismiss.
¶ 10. Stuckey was charged with violating Mississippi Code Annotated section 63-11-30(1)(a) and (c), which reads in pertinent part follows:
(1) It is unlawful for any person to drive or otherwise operate a vehicle within this state who (a) is under the influence of intoxicating liquor . . . [or] (c) has an alcohol concentration of eight one-hundredths percent (.08%) or more for persons who are above the legal age to purchase alcoholic beverages under state law. . . .
Miss.Code Ann. § 63-11-30(1) (Rev.2004).
¶ 11. Stuckey argues that, pursuant to section 63-11-30(1), the circuit court *273 should have granted his motion to dismiss because the State failed to prove the statutory requirements of driving under the influence. First, Stuckey argues that the State did not present evidence that Officer Mobley actually witnessed Stuckey operating his vehicle while he was under the influence of an intoxicating liquor. When Officer Mobley arrived at the scene, Officer Smith had already initiated the stop and Stuckey's car was parked on the side of the highway. Stuckey argues that the circuit court could not conclude, through a reasonable inference or from the direct proof offered, that Stuckey was driving under the influence.
¶ 12. In Holloway v. State, 860 So.2d 1244, 1246(¶ 8) (Miss.Ct.App.2003), the defendant argued that the trial court presented insufficient evidence that he was "operating the vehicle within the meaning of Section 63-11-30(1)(a) or (c)." A sheriff's deputy found the defendant asleep behind the steering wheel of his vehicle after receiving a call that the car may have broken down. Id. at 1245 (¶¶ 3-4). The sheriff's deputy, after observing signs of intoxication, took the defendant to the sheriff's office to conduct an Intoxilyzer test. Id. at 1246(¶ 7).
¶ 13. Citing Horn v. State, 825 So.2d 725, 726-27 (¶¶ 6-8) (Miss.Ct.App.2002), this Court held that "[a] person may be arrested, tried, and convicted of operating a motor vehicle while under the influence of an intoxicating liquor[,] even if there is no eyewitness presented who viewed the defendant operating the vehicle, provided there is sufficient evidence." Holloway, 860 So.2d at 1246-47(¶ 12). Further, this Court found that the defendant's statements to the deputy that he had consumed some beer before he drove the vehicle to its location, the deputy's observations that the defendant displayed signs of intoxication, and the results of the Intoxilyzer test all served as sufficient evidence that the defendant was guilty of driving under the influence. Id. at 1247(¶ 13).
¶ 14. Likewise, in the present case, the circuit court found that there was sufficient, circumstantial evidence that Stuckey was operating a vehicle under section 63-11-30, as Stuckey admitted that he was headed home. The circuit court accepted Officer Mobley's testimony that he watched Stuckey exit the vehicle from the driver's side; that he smelled alcoholic beverages; and that Stuckey displayed signs of intoxication, such as his slurred speech and unsteadiness on his feet. For those reasons, the circuit court denied the motion to dismiss.
¶ 15. It is a reasonable inference from the evidence presented that Stuckey had driven the car in violation of section 63-11-30. Further, with the results of the Intoxilyzer and Stuckey's behavior witnessed by Officer Mobley, which were admitted into evidence, there was sufficient evidence to support a verdict of guilty. Therefore, the circuit court properly denied Stuckey's motion to dismiss.
¶ 16. Second, Stuckey asserts that there was no evidence presented to prove that Officer Smith had probable cause to initiate the traffic stop. He argues that, absent a probable cause showing, he could only be charged with the misdemeanor of public intoxication and not driving under the influence.
¶ 17. As pointed out in the State's brief, Stuckey's counsel failed to object to the admission of the evidence concerning the traffic stop or Stuckey's intoxication. Without a motion to suppress or contemporaneous objection, the circuit court cannot be held in violation of admitting the evidence that supports Stuckey's conviction for driving under the influence. See McLendon v. State, 945 So.2d 372, *274 383(¶ 29) (Miss.2006) (failure to properly object to admission of evidence at trial waives the issue on appeal). We will not hold that a trial judge is in error on a matter that was not first presented to him or her for consideration. Id. at 383(¶ 31).
¶ 18. In this case, Stuckey's attorney stipulated to the results of the Intoxilyzer test and failed to object to the introduction of the evidence regarding the vehicle stop or evidence concerning Stuckey's signs of intoxication. Therefore, this issued is waived.
¶ 19. THE JUDGMENT OF THE MONROE COUNTY CIRCUIT COURT OF CONVICTION OF DRIVING UNDER THE INFLUENCE, FIRST OFFENSE, FINE OF $1,000, AND SENTENCE TO SERVE FORTY-EIGHT HOURS IN THE MONROE COUNTY JAIL IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.