CARLTON, J.,
Dissenting:
¶ 18. Because I find sufficient evidence in the record to support Tate’s conviction, I respectfully dissent. This Court has a limited standard of review on challenges to the sufficiency of the evidence. We will not disturb a circuit court judge’s decision to deny a motion for a directed verdict or a judgment notwithstanding the verdict (JNOV) unless the facts and inferences “point in favor of the defendant on any element of the offense with sufficient force that reasonable men could not have found beyond a reasonable doubt that the defendant was guilty.” Hughes v. State, 983 So.2d 270, 275-76(¶ 10) (Miss.2008) (quoting Brown v. State, 965 So.2d 1023, *705 1030(¶ 25) (Miss.2007)). When reviewing “whether the evidence is sufficient to sustain a conviction in the face of a motion for directed verdict or for judgment notwithstanding the verdict, the critical inquiry is whether the evidence shows ‘beyond a reasonable doubt that [the] accused committed the act charged, and that he did so under such circumstances that every element of the offense existed; and where the evidence fails to meet this test it is insufficient to support a conviction.’ ” Bush v. State, 895 So.2d 836, 843(¶ 16).
¶ 19. A review of the sufficiency of the evidence does not require this Court to “ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt. Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (internal citations omitted).
¶20. If the facts and inferences presented at trial “point in favor of the defendant on any element of the offense with sufficient force that reasonable men could not have found beyond a reasonable doubt that the defendant was guilty,” this Court must reverse. Edwards v. State, 469 So.2d 68, 70 (Miss.1985) (citing May v. State, 460 So.2d 778, 781 (Miss.1984)). However, “if a review of the evidence reveals that it is of such quality and weight that, ‘having in mind the beyond a reasonable doubt burden of proof standard, reasonable fair-minded men in the exercise of impartial judgment might reach different conclusions on every element of the offense,’ the evidence will be deemed to have been sufficient.” Bush, 895 So.2d at 843(¶ 16) (quoting Edwards, 469 So.2d at 70).
¶ 21. After examining the evidence presented to the jury in the light most favorable to the prosecution, I find that a rational trier of fact could have determined that Tate was guilty of culpable negligence manslaughter. The jury considered evidence of Tate’s speeding, failure to maintain control of his vehicle in a curve, and evidence of alcohol consumption, including his appearing “slurry” as if he had been drinking. McGee, who witnessed the collision, testified that he was himself traveling at a very low rate of speed, while he observed Tate traveling at a high rate of speed. The State’s accident re-constructionist implied that Tate was speeding, admitting that his conclusion was based solely on Tate’s inability to maneuver through the curve.
¶22. Regarding Tate’s impairment at the time of the accident, the State presented evidence for the jury to consider. Though Greer and the ambulance driver testified that they did not smell alcohol on Tate, a deputy sheriff at the scene testified that he smelled alcohol coming from the truck, though not on Tate, and that Tate looked “slurry, looking more like somebody [who] had been drinking.” Though the blood-alcohol test revealed no alcohol in Tate’s system, the test was not performed until twenty-five hours after the accident occurred.
¶ 23. Furthermore, the ice chest containing beer found at the scene in the bushes and the two empty beer bottles close by, still in their “huggies,” were linked to Tate circumstantially in time and proximity to the scene. Greer recalled that she heard a “boom” as if something had been thrown into the bushes after the wreck. This circumstantial evidence of consumption of alcohol was presented to the jury for consideration along with the other evidence of speeding and failure to maintain control of the vehicle in making *706 the curve. See Holloway v. State, 860 So.2d 1244, 1246-47(¶12) (Miss.Ct.App.2003) (holding that “[a] person may be arrested, tried, and convicted of operating a motor vehicle while under the influence of an intoxicating liquor even if there is no eyewitness presented who viewed the defendant operating the vehicle, provided there is sufficient evidence”) (citing Horn v. State, 825 So.2d 725, 726-27 (¶¶6-8) (Miss.Ct.App.2002)).
¶24. Thus, considering the evidence presented to the jury in the light most favorable to the State, I find sufficient evidence to support the jury’s verdict. This Court “will not re-weigh the evidence, as matters regarding the weight and credibility of the evidence are to be resolved by the jury.” Holloway, 860 So.2d at 1246(¶ 9) (citing McClain v. State, 625 So.2d 774, 778 (Miss.1993)). The jury in Tate’s case had before it the conflicting evidence and still returned a guilty verdict. See also Goldman v. State, 406 So.2d 816, 819-20 (Miss.1981) (upheld a culpable negligence manslaughter conviction and noted that “we must consider as true all testimony offered by the prosecution, together with reasonable inferences, and if that evidence will support a verdict of guilty, the question is for the jury to determine.”) Therefore, I respectfully dissent from the majority’s opinion and would affirm the circuit court, as the jury’s verdict was a reasonable conclusion in light of the evidence presented.
MYERS, P.J., AND IRVING, J., JOIN THIS SEPARATE OPINION.