# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-KM-00752-COA

**DAVID CAMP PITTMAN A/K/A DAVID**                                           **APPELLANT**
**PITTMAN A/K/A DAVID C. PITTMAN**

**v.**

**CITY OF STARKVILLE, MISSISSIPPI**                                           **APPELLEE**


| | |
|---|---|
| DATE OF JUDGMENT: | 04/22/2013 |
| TRIAL JUDGE: | HON. LEE J. HOWARD |
| COURT FROM WHICH APPEALED: | OKTIBBEHA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | RODNEY A. RAY |
| ATTORNEY FOR APPELLEE: | CAROLINE CRAWLEY MOORE |
| DISTRICT ATTORNEY: | CAROLINE CRAWLEY MOORE |
| NATURE OF THE CASE: | CRIMINAL - MISDEMEANOR |
| TRIAL COURT DISPOSITION: | CONVICTED OF DRIVING UNDER THE INFLUENCE, FIRST OFFENSE, AND SENTENCED TO FORTY-EIGHT HOURS SUSPENDED IN THE CUSTODY OF OKTIBBEHA COUNTY AND TO PAY A FINE OF $750 |
| DISPOSITION: | AFFIRMED – 11/25/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., ISHEE AND JAMES, JJ.**

**ISHEE, J., FOR THE COURT:**

¶1.     In the Starkville Municipal Court, David Pittman entered a plea of no contest on

January 13, 2013, to driving under the influence (DUI), first offense.  He was found guilty

by the municipal court, and subsequently appealed his conviction to the Oktibbeha County

Circuit Court.  Following a de novo trial, the circuit court also found Pittman guilty of DUI,

first offense, and sentenced him to forty-eight hours in the county jail and ordered him to pay

a fine of $750. Pittman now appeals. Finding no error, we affirm the judgment of the circuit court.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

¶2.     On September 7, 2012, Officer Derrick Nelson of the Starkville Police Department was performing his regular patrol on South Nash Street in Starkville, Mississippi. Just after midnight, he observed a vehicle positioned halfway in the street and halfway on the curb. He immediately pulled over to investigate.

¶3.     Upon closer inspection, Officer Nelson noticed several garbage cans strewn about the adjacent yard. Based on the position of the vehicle, he believed that the garbage cans had just been hit by the vehicle. Officer Nelson made contact with Pittman and observed Pittman sitting in the driver's seat with the key still in the ignition. Officer Nelson believed Pittman was very impaired by some kind of substance due to Pittman's behavior and the smell of intoxicating substances, including both alcohol and marijuana.

¶4.     Officer Nelson proceeded to help Pittman exit the car. According to Officer Nelson, Pittman was very off balance, staggering, and struggling to hold himself up on the car. Officer Nelson opened the tailgate on the vehicle to allow Pittman to sit down. Pittman informed Officer Nelson that he lived at the house, but several witnesses nearby denied this statement and, instead, asserted that Pittman had run into the garbage cans and into the yard. Officer Nelson attempted to ask Pittman what had happened, but stated that Pittman was so intoxicated that he was unable to hold a conversation. Officer Nelson then called Officer Brooke Manigold Carpenter, a DUI officer with the Starkville Police Department, for assistance.

2

¶5.    When Officer Carpenter arrived, she observed Pittman sitting on the tailgate of the vehicle talking with Officer Nelson. Officer Carpenter noticed the vehicle was positioned on the curb with several garbage cans around the front bumper. Officer Nelson informed Officer Carpenter of the circumstances, and then she started talking with Pittman. Although Pittman denied having consumed any alcoholic beverages, Officer Carpenter noticed his slurred speech, glassy eyes, and a strong odor of an intoxicating beverage coming from his breath. She also noticed a strong odor of unburnt marijuana. Officer Nelson then performed a search, but no marijuana was found.

¶6.    Officer Carpenter asked Pittman to perform field sobriety tests and a preliminary breath test, but he refused. Based on the classic signs of intoxication that both she and Officer Nelson observed, Officer Carpenter placed Pittman under arrest. As Pittman made his way to the patrol car, Officer Carpenter stated that Pittman relied on her for support because he was very unsteady on his feet.

¶7.    At the police station, Pittman refused to submit to an Intoxilyzer blood-alcohol test and continued to exhibit signs of intoxication. Officer Carpenter testified that Pittman was upset but unaware of his surroundings and the circumstances involving his arrest. She also stated that he continued to need physical support.

¶8.    On January 3, 2013, in the municipal court, Pittman entered a plea of no contest to DUI, first offense. Subsequently, the municipal court found Pittman guilty. Pittman appealed the conviction to the circuit court, which held a trial de novo on April 15, 2013. Officer Nelson and Officer Carpenter testified on behalf of the City. At the close of the City's case-in-chief, Pittman moved for a directed verdict, which was denied. The defense

3

then rested. Subsequently, Pittman was convicted of DUI, first offense, and sentenced to forty-eight hours suspended in the county jail and ordered to pay a fine of $750. Aggrieved, Pittman now appeals.

## STANDARD OF REVIEW

¶9. "The standard of review for a judgment entered following a bench trial is well settled. In a bench trial, the trial judge is 'the jury' for all purposes of resolving issues of fact." *Sendelweck v. State*, 101 So. 3d 734, 738-39 (¶19) (Miss. 2012). "The Mississippi Supreme Court has stated that: for review of the findings of a trial judge sitting without a jury, the appellate court will reverse only where the findings of the trial judge are manifestly erroneous or clearly wrong." *Id.* at 739 (¶19) (internal citations omitted).

## DISCUSSION

¶10. On appeal, Pittman argues that the evidence was insufficient to support his conviction of common-law DUI pursuant to Mississippi Code Annotated section 63-11-30(1)(a) (Rev. 2013). In order for the evidence to be found sufficient to sustain a conviction, the evidence must show "beyond a reasonable doubt that [the] accused committed the act charged, and that he did so under such circumstances that every element of the offense existed[.]" *Bush v. State*, 895 So. 2d 836, 843 (¶16) (Miss. 2005) (quoting *Carr v. State*, 208 So. 2d 886, 889 (Miss. 1968)). This Court will reverse a conviction only if the evidence "point[s] in favor of the defendant on any element of the offense with sufficient force that [a] reasonable [fact-finder] could not have found beyond a reasonable doubt that the defendant was guilty." *Id.* (quoting *Edwards v. State*, 469 So. 2d 68, 70 (Miss. 1985)).

¶11. Section 63-11-30(1)(a) makes it "unlawful for any person to drive or otherwise

4

operate a vehicle within this state who is under the influence of intoxicating liquor[.]" Section 63-11-30(1)(a) is often referred to as "common[-]law DUI." *Ellis v. State*, 77 So. 3d 1119, 1126 (¶30) (Miss. Ct. App. 2011) (citing *Gilpatrick v. State*, 991 So. 2d 130, 133 (¶18) (Miss. 2008)). "Common[-]law DUI is proven when a defendant's blood[-]alcohol results are unavailable or the defendant's [blood-alcohol content] tests under the legal limit, but there is sufficient evidence that the defendant operated a vehicle under circumstances indicating his ability to operate the vehicle was impaired by the consumption of alcohol." *Id.*

¶12. Pittman asserts that the City failed to prove the elements of common-law DUI. He contends that the testimony presented at trial failed to establish that he was driving or operating a vehicle. He argues that neither Officer Nelson or Officer Carpenter saw him move the vehicle, and that the officers only relied upon statements of witnesses that were not called to testify at trial. As such, he asserts that the City failed to prove beyond a reasonable doubt the element that he was driving or operating the vehicle.

¶13. This Court has found that in order to establish that a defendant was driving or operating a vehicle, the following must be shown:

> [T]hat the vehicle at least be capable of being moved by the defendant, whether the accused was then in the act of causing it to move or not. Both the accused and the vehicle must have a present ability to cause the hazards against which this statute attempts to protect. That hazard is a moving vehicle with an intoxicated person in control.

*Lewis v. State*, 831 So. 2d 553, 557 (¶11) (Miss. Ct. App. 2002). Further, "a person may be arrested, tried, and convicted of operating a motor vehicle while under the influence of an intoxicating liquor even if there is no eyewitness presented who viewed the defendant operating the vehicle, provided there is sufficient evidence." *Holloway v. State*, 860 So. 2d

1244, 1246-47 (¶12) (Miss. Ct. App. 2003) (citations omitted). "Reasonable doubt need not be removed about whether the defendant had actually driven the vehicle prior to his discovery." *Id.* (citations omitted).

¶14.     The position of the vehicle and the garbage cans in the yard were the first things that alerted Officer Nelson to stop and investigate.  He arrived on the scene and witnessed Pittman sitting in the driver's seat of the vehicle with the key in the ignition.  Although Officer Nelson did not watch Pittman drive the vehicle, Pittman was in a position where he was capable of moving the vehicle.  At all times during the stop, both officers testified that Pittman was unable to walk, talk, or stand without extreme difficulty.  Both officers also stated that they smelled an intoxicating substance when they encountered Pittman.  As such, we find that the City proved that Pittman operated the vehicle within the definition provided by the statute.  Further, we find that the City proved beyond a reasonable doubt that Pittman was guilty of common-law DUI.  As such, we affirm the circuit court's judgment.

¶15.     **THE JUDGMENT OF THE OKTIBBEHA COUNTY CIRCUIT COURT OF CONVICTION OF DRIVING UNDER THE INFLUENCE, FIRST OFFENSE, AND SENTENCE OF FORTY-EIGHT HOURS SUSPENDED IN THE CUSTODY OF OKTIBBEHA COUNTY AND TO PAY A FINE OF $750 IS AFFIRMED.  ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.**