# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60489

United States Court of Appeals
Fifth Circuit

**FILED**

April 28, 2016

Lyle W. Cayce
Clerk

RAYMOND KIMBRIEL,

      Plaintiff - Appellant

v.

CITY OF GREENVILLE, MISSISSIPPI; ADRIAN SMITH, in her Official and Individual Capacity; JOHN DOE,

      Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:14-CV-26

Before KING, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:*

    Raymond Kimbriel appeals the district court's dismissal of his 42 U.S.C. § 1983 claims on the motion for summary judgment filed by the City of Greenville and Officer Adrian Smith.  Kimbriel sued Officer Smith of the Greenville Police Department in her "individual and official capacity" for false arrest and imprisonment, i.e., an unreasonable seizure, under the Fourth

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60489

Amendment of the U.S. Constitution, and the City of Greenville for policies or customs that allegedly caused the violation of Kimbriel's constitutional rights.[1] For the reasons that follow, we AFFIRM the district court's dismissal of Kimbriel's § 1983 claims.

I.

Kimbriel's claims arise from an encounter with Officer Smith, during which Officer Smith pulled Kimbriel over because she allegedly saw Kimbriel's vehicle weaving. Through their conversation, Officer Smith learned Kimbriel had been drinking at some point during the evening, so she conducted a field sobriety test. Ultimately, Officer Smith arrested Kimbriel and transported him to the Greenville Police Department, where another officer administered two breathalyzer tests that recorded a blood alcohol content of .02. Officer Smith charged Kimbriel with driving under the influence ("DUI") and with careless driving, and Kimbriel was transported to a county jail. He was released on bond the next morning. Kimbriel's DUI charge was dismissed in municipal court in exchange for his guilty plea to the careless driving charge.[2]

---

[1] Kimbriel sued Officer Smith in her "individual and official capacity," but does not brief the "official capacity" claims on appeal. Any claims against Officer Smith in her official capacity have thus been abandoned, *see Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999), except to the extent Kimbriel may be alluding to allegations of municipal liability based on Officer Smith's conduct, which we reject herein for inadequate briefing. Kimbriel also filed suit pursuant to 42 U.S.C. § 1985 and various provisions of state law, but he conceded the dismissal of his § 1985 claim before the district court and does not challenge that dismissal on appeal. Kimbriel also does not challenge the district court's decision not to retain supplemental jurisdiction over the state law claims in the event that we affirm the dismissal of his federal claims, as we do here. We will not address these conceded and abandoned claims. *See Davis v. Maggio*, 706 F.2d 568, 571 (5th Cir. 1983).

[2] The facts of the encounter between Officer Smith and Kimbriel are not materially in dispute. We state them here merely as background, mindful of our obligation to construe them in Kimbriel's favor. *See Haverda v. Hays Cty.*, 723 F.3d 586, 591 (5th Cir. 2013). Though Kimbriel was found to have only a .02 blood alcohol content, less than the legal limit of .08, such a reading would not have prevented his arrest for "common-law DUI" in Mississippi, based on other evidence that his driving was impaired by alcohol. *See Pittman v. City of Starkville*, 151 So. 3d 1055, 1058 (Miss. Ct. App. 2014).

No. 15-60489

Kimbriel has not challenged the legitimacy of his careless driving conviction, and has stated that he does not seek to do so through his § 1983 claims.

Kimbriel filed this suit in federal court against Officer Smith in her individual and official capacity and against the City of Greenville,[3] claiming, as relevant here, that the arrest and incarceration violated his Fourth Amendment rights under 42 U.S.C. § 1983. The Defendants[4] moved for summary judgment, arguing there was no constitutional violation, that Officer Smith was entitled to qualified immunity in any event, and that Kimbriel failed to produce any evidence to support municipal liability under § 1983. The district court granted the motion for summary judgment, dismissing Kimbriel's § 1983 claims, because it concluded Kimbriel failed to show that Officer Smith lacked probable cause to arrest him, at the very least, for careless driving. The district court declined to exercise supplemental jurisdiction over Kimbriel's state law claims and denied the Defendants' motion for summary judgment as to those claims, dismissing them without prejudice. Final judgment was entered, and Kimbriel timely appealed.

II.

We have jurisdiction over the final judgment of the district court in this § 1983 case under 28 U.S.C. § 1291. We review the grant of summary judgment

---

[3] When we refer to the "City of Greenville," we mean the City itself and Officer Smith in her official capacity, as discussed *supra* at note 1.

[4] When we use the term "Defendants," we refer to Officer Smith in her individual capacity, the City of Greenville, and Officer Smith in her official capacity. Kimbrel also sued "John Doe" in her original complaint, but he was never mentioned again. His presence in the district court complaint does not affect the finality of the court's judgment. A judgment of dismissal is final and appealable under 28 U.S.C. § 1291 even if it does not dispose of claims made against a party that has neither been served nor appeared before the court. *See Nagle v. Lee*, 807 F.2d 435, 437–38 (5th Cir. 1987) (concluding that a judgment dismissing a case against only some of the defendants was final despite the fact that claims against "ABC Insurance Company" had never been addressed). Kimbriel does not mention "John Doe" on appeal, so any argument concerning him is waived. *See Hughes*, 191 F.3d at 613.

3

de novo, inquiring, as did the district court, whether the Defendants showed there is no genuine dispute as to any material fact such that the Defendants were entitled to judgment as a matter of law. *See Cuadra v. Hous. Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010); *see also* FED. R. CIV. P. 56(c).  We consider all facts and evidence in the light most favorable to Kimbriel, the nonmoving party, but to avoid summary judgment, Kimbriel had to "go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial." *See Cass v. City of Abilene*, 814 F.3d 721, 728 (5th Cir. 2016) (citation omitted).

We may affirm summary judgment on any basis raised below and supported by the record. *See City of Alexandria v. Brown*, 740 F.3d 339, 350 (5th Cir. 2014).  Although the district court dismissed Kimbriel's claims because it found Officer Smith possessed probable cause to arrest him for either DUI or careless driving, we need not reach this issue.  Officer Smith argued before the district court, and continues to press before this court, that she is entitled to qualified immunity for the actions Kimbriel seeks to challenge.  Kimbriel failed to establish—or even argue before the district court—that Officer Smith's actions violate clearly established law, of which an objectively reasonable officer in Smith's situation would have known.  This defect is fatal to Kimbriel's § 1983 claim against Officer Smith. *See Cass*, 814 F.3d at 732–33.

An official sued in her individual capacity is immune from civil liability "to the extent that [her] conduct does not violate clearly established statutory or constitutional rights." *Id.* at 728.  "'A good-faith assertion of qualified immunity alters the usual summary judgment burden of proof,' shifting it to the plaintiff to show that the defense is not available." *Id.* (quoting *Trent v. Wade*, 776 F.3d 368, 376 (5th Cir. 2015)).  Officer Smith has consistently claimed qualified immunity in this case.  On summary judgment, the burden

therefore shifted to Kimbriel to show: "(1) that [Officer Smith] violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 131 S. Ct. 2074, 2080 (2011). We may address either prong of the qualified immunity analysis first, and the second prong is satisfied "only if 'the state of the law at the time of the incident provided fair warning to the defendants that their alleged [conduct] was unconstitutional.'" *Cass*, 814 F.3d at 728 (quoting *Tolan v. Cotton*, ___ U.S. ___, 134 S. Ct. 1861, 1866 (2014)).

Kimbriel failed to meet his burden to show that Officer Smith's conduct violated Kimbriel's clearly established rights, as required by the second prong of the qualified immunity analysis. *See id.* at 732–33. Before the district court, Kimbriel solely argued that Officer Smith's conduct violated Kimbriel's constitutional rights because she lacked probable cause to arrest Kimbriel for either DUI or careless driving and that the arrest was in fact associated with the DUI charge, not the careless driving charge.[5] These arguments correspond only to the first prong of the qualified immunity analysis. *See al-Kidd*, 131 S. Ct. at 2080. For the first time before this court, Kimbriel now also argues Officer Smith could not have arrested Kimbriel for careless driving under Mississippi law because Mississippi's careless driving offense merely prescribes a fine and does not explicitly allow for incarceration as a form of punishment. *See* MISS. CODE ANN. § 63-3-1213 (2013). While this contention could arguably be construed to apply to the second prong of the qualified immunity analysis, *see al-Kidd*, 131 S. Ct. at 2080, Kimbriel waived this argument and cannot now raise it on appeal, *see Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 339–40 (5th Cir. 2005). "It is well settled . . . that the scope

---

[5] Given the disposition of this case, we need not and do not address the effect of *Heck v. Humphrey*, 512 U.S. 477, 486 (1994), on Kimbriel's arguments regarding his careless driving conviction.

of appellate review on a summary judgment order is limited to matters presented to the district court"; therefore, "[i]f a party fails to assert a legal reason why summary judgment should not be granted, that ground is waived and cannot be considered or raised on appeal." *Id.* at 339–40 (quoting *Keenan v. Tejeda*, 290 F.3d 252, 262 (5th Cir. 2002)).  Quite simply, before the district court, Kimbriel failed to make *any* legal argument about whether Officer Smith violated *clearly established* law in arresting and incarcerating Kimbriel.   We thus "conclude that on this record, [Kimbriel] ha[s] not shown a violation of clearly established law so as to satisfy this burden." *Cass*, 814 F.3d at 732–33.

We also do not address Kimbriel's conclusory contentions that the City of Greenville should be held liable under § 1983, because Kimbriel has inadequately briefed the issue of municipal liability before this court.  *See Young v. Repine* (*In re Repine*), 536 F.3d 512, 518 n.5 (5th Cir. 2008); *see also* FED. R. APP. P. 28(a)(8).  In his opening brief, Kimbriel devotes barely two sentences to the issue of municipal liability, claiming in a conclusory fashion that Officer Smith's purportedly unconstitutional conduct resulted from "the Greenville Police Department's policy that gives the arresting officer a veto power over the officer who has the greater knowledge concerning the intoxication of the criminal defendant."  Kimbriel's opening brief also argues the City is liable "under the theory of respondeat superior, as well as it's [sic] failure to train Officer Smith and to permit Officer Smith to imprison a knowingly innocent man with the full knowledge, cooperation, and acquiescence of her superiors."[6]  Kimbriel's scant, bald assertions do not even come close to meeting the rigorous standards for making a municipal liability

---

[6] Kimbriel makes further argument on this issue in his reply brief, but "[a]n appellant abandons all issues not raised and argued in its *initial* brief on appeal." *Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994).  We therefore do not consider arguments raised for the first time in Kimbriel's reply brief.

claim. *See Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (describing the elements plaintiffs must prove to establish municipal liability under § 1983 in accordance with *Monell v. Dep't. of Social Services*, 436 U.S. 658, 691–94 (1978)). First, we have held that municipal liability under § 1983 may not be predicated on a theory of respondeat superior. *See Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). Second, Kimbriel fails to cite any authority whatsoever to support his arguments or to explain why the vague policies he describes suffice to show "a policy maker[,] an official policy[,] and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski*, 237 F.3d at 578 (quoting *Monell*, 436 U.S. at 694). Accordingly, Kimbriel has abandoned his municipal liability claim. *See United States v. Charles*, 469 F.3d 402, 408 (5th Cir. 2006) ("Inadequately briefed issues are deemed abandoned.").

AFFIRMED.