# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2021-KM-01081-SCT

*EUGENE BULLEN a/k/a EUGENE BULLEN, IV*
*a/k/a EUGENE SAMUEL BULLEN, IV*

*v.*

*STATE OF MISSISSIPPI*


DATE OF JUDGMENT:                08/16/2021
TRIAL JUDGE:                     HON. STEVE S. RATCLIFF, III
TRIAL COURT ATTORNEYS:           JOHN K. BRAMLETT, JR.
                                 PAMELA L. HANCOCK
                                 KEVIN DALE CAMP
COURT FROM WHICH APPEALED:       MADISON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:          KEVIN DALE CAMP
ATTORNEY FOR APPELLEE:           PAMELA L. HANCOCK
DISTRICT ATTORNEY:               JOHN K. BRAMLETT, JR.
NATURE OF THE CASE:              CRIMINAL - MISDEMEANOR
DISPOSITION:                     AFFIRMED - 06/23/2022
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

## BEFORE RANDOLPH, C.J., COLEMAN AND CHAMBERLIN, JJ.

## RANDOLPH, CHIEF JUSTICE, FOR THE COURT:

¶1.   Eugene Bullen was convicted of driving under the influence (DUI), second offense, in the Justice Court of Madison County, Mississippi.  He appealed to the County Court of Madison County. Following a bench trial, the trial judge found Bullen guilty and sentenced him to thirty days of imprisonment, a two year's driver's license suspension, an alcohol and drug assessment, six months supervised probation, eighteen months unsupervised probation, and eighty hours of community service within six months. Aggrieved by that decision, Bullen

appealed to the Madison County Circuit Court. The circuit court held that the decision of the county court was supported by substantial evidence and was not manifestly wrong. Bullen has now appealed to this Court.

¶2.     He asserts that the trial court erred by not granting his motion to dismiss for insufficiency of the evidence. Bullen argues that the State did not meet its burden to prove beyond a reasonable doubt that he was intoxicated.  We hold the trial judge was presented with sufficient evidence to find Bullen guilty of violating Mississippi Code Section 63-11-30(1)(a). We affirm.

**FACTS AND PROCEDURAL HISTORY**

¶3.     On February 10, 2020, Madison County Sheriff's Deputy Matthew Holcomb responded to a call for assistance from the fire department, which was attending to a vehicle that had flooded out in a roadway inundated with water. Holcomb testified that the firemen were of the opinion that Bullen was intoxicated. Bullen was still behind the wheel when Holcomb arrived.  Holcomb observed that Bullen's pupils were abnormal.  Holcomb also smelled alcohol in the vehicle. When asked why he had driven on a flooded road, Bullen replied that he had just "gotten a new truck and wanted to see what it could do."  Bullen admitted to having consumed alcohol but only "one or two drinks."

¶4.     Holcomb offered and Bullen refused a preliminary breath sample.  After Bullen refused the breath sample, he was placed in custody and transported to the Madison County Detention Center. Upon arrival, Bullen was asked to blow into an intoxilyzer, but he refused.

2

Holcomb subsequently charged Bullen with a second-offense DUI based on a previous DUI conviction in Madison County.

¶5. At trial, Holcomb testified that based upon his observations, Bullen was under the influence of alcohol while operating a vehicle. Holcomb first stated that Bullen's dilated pupils were one of the reasons for charging Bullen. After being corrected on cross-examination that dilating means opening, he apologized for the wrong terminology. He stated that he actually observed that Bullen's pupils had contracted. Officer Holcomb further stated that he relied not only on the effect on Bullen's pupils, *inter alia*, but he also considered that Bullen had driven into a flooded roadway.

¶6. At the close of the State's case in chief, defense counsel moved for directed verdict. The court denied the motion, stating that the odor of alcohol and the fact that Bullen had driven down a flooded roadway and refused to submit to a breath test were sufficient to prove that Bullen was driving under the influence. Following the denial of this motion, Bullen was convicted of second-offense DUI.

## STATEMENT OF THE ISSUE

¶7. Bullen argues that the trial court "erred by denying Mr. Bullen's motion to dismiss because there was insufficient evidence Mr. Bullen was intoxicated."

## STANDARD OF REVIEW

¶8. "The standard of review for a judgment entered following a bench trial is well settled. 'A circuit court judge sitting without a jury is accorded the same deference with regard to his

findings as a chancellor,' and his findings are safe on appeal where they are supported by substantial, credible, and reasonable evidence." ***City of Jackson v. Brister***, 838 So. 2d 274, 277-78 (Miss. 2003) (quoting ***Maldonado v. Kelly***, 768 So. 2d 906, 908 (Miss. 2000)).

**DISCUSSION**

¶9.    It is "unlawful for any person to drive or otherwise operate a vehicle within this state who . . . is under the influence of intoxicating liquor[.]" Miss. Code Ann. 63-11-30(1)(a) (Rev. 2013). This particular subsection of the statute "is commonly referred to as 'common law DUI.'" ***Gilpatrick v. State***, 991 So. 2d 130, 133 (Miss. 2008). In cases in which the "defendant's blood-alcohol results are unavailable . . . but there is sufficient evidence that the defendant operated a vehicle under circumstances indicating his ability to operate the vehicle was impaired by the consumption of alcohol," common-law DUI can be proved. ***Id.*** (citing ***Leuer v. City of Flowood***, 744 So. 2d 266, 268 (Miss. 1999)).

¶10.    The evidence considered by the trial court in its determination of whether Bullen was driving under the influence was that: (1) the smell of alcohol was present in the vehicle; (2) Bullen admitted to consuming beers earlier in the evening; (3) Bullen drove down a flooded roadway; and (4) Bullen refused to submit to multiple breath tests. Bullen argues that the State failed to meet its burden of proof beyond a reasonable doubt that he was driving under the influence of an intoxicating liquor. Bullen argues that the fact that Holcomb did not observe him operating the vehicle, paired with the lack of other physical signs of impairment, i.e., slurred speech, was evidence that he was not under the influence.

4

¶11. The sufficiency of the evidence as a matter of law is viewed and tested in a light most favorable to the State. *McClain v. State*, 625 So. 2d 774, 778 (Miss. 1993). The credible evidence consistent with the defendant's guilt must be accepted as true. *Spikes v. State*, 302 So. 2d 250, 251 (Miss. 1974).

### A. Consideration of the Smell of Alcohol

¶12. Bullen cites *Richbourg v. State*, 744 So. 2d 352, 357 (Miss. Ct. App. 1999), for the proposition that the mere smell of alcohol on a person is not sufficient to establish a prima facie case of driving under the influence.

¶13. *Richbourg* involved a motor vehicle accident. *Id.* at 354. When the state trooper arrived, he smelled alcohol "about the person." *Id.* After the trial court excluded evidence of a failed horizontal gaze nystagmus test as being scientifically unreliable, the case rested on smell alone. *Id.* at 357. The Court of Appeals found that smell alone was insufficient under the facts of that case to support a conviction of driving under the influence. *Id.*

¶14. While this Court has not addressed the issue of whether smell alone could support a DUI charge, the record in today's case reveals that the trial judge considered other factors. Bullen admitted that he had consumed more than one beer, that he had purposefully driven into a flooded road, a reckless act, and that he refused multiple breathalyzer tests.

### B. Consideration of Bullen's Refusal of the Breathalyzer Test

¶15. Bullen contends that the circuit court's consideration of his refusal to submit to multiple breath tests was erroneous. However, Holcomb testified that the arrest was based

5

on Bullen's admission he had been drinking, the smell of alcohol in the vehicle, reckless driving, and his refusal to submit to the breathlyzer test. At the bench trial, the county judge stated:

> This Court disagrees with Mr. Camp's assessment of the evidence. I've got more than smell. I've got the flooded roadway-driving down a flooded roadway. I've got smell . . . I have got the admission of drinking, and then we get to the PD and I've got a refusal of the 8000. I think that is enough under the law for the State to prove its case beyond a reasonable doubt that the defendant is guilty of a DUI second.

¶16. The standard of review governing the admission or exclusion of evidence is abuse of discretion. *Williams v. State*, 991 So. 2d 593, 597 (Miss. 2008). Mississippi Code Section 63-11-41 (Rev. 2013) states: "If a person under arrest refuses to submit to a chemical test under the provisions of this chapter, evidence of refusal shall be admissible in any criminal action in this chapter." This Court has found that evidence of a defendant's refusal to submit to a breathalyzer test is relevant and admissible under Mississippi Rule of Evidence 402. *Ricks v. State*, 611 So. 2d 212, 215-16 (Miss. 1992). The consideration of this evidence is by no means prejudicial to the defense, since Bullen admitted to having had a "drink or two," and his vehicle smelled of alcohol. It was uncontested that Bullen had consumed alcohol prior to the incident. Therefore, we find that the circuit judge did not abuse his discretion by considering Bullen's refusal to submit to the breathlyzer tests.

### C.     Consideration of Bullen's Reckless Driving

¶17. Bullen contends that the fact that Holcomb did not observe Bullen driving the truck, paired with Bullen's lack of slurred speech or behavior that was out of the ordinary, falls

6

short of proof of intoxication. Bullen argues that there was no observation of erratic driving. The Court of Appeals has addressed a similar issue in *Pittman v. City of Starkville*, 151 So. 3d 1055 (Miss. Ct. App. 2014). There, the trial court had considered a reckless-driving charge in a case in which reckless driving was not directly observed. *Id* at 1058. Analogous to this case, Pittman, the driver, was operating his vehicle prior to the officer's arrival. *Id.* Also, Pittman's conviction was upheld absent evidence of a breath analysis, relying on the surrounding facts to support the conviction. *Id.* In today's case, Holcomb observed a flooded-out vehicle in a roadway inundated with water. When asked why he drove down the roadway, Bullen said he "just bought the vehicle Friday and wanted to see what it could do." Bullen's admission established that he had been driving.

¶18.    "For review of the findings of a trial judge sitting without a jury, this Court will reverse 'only where the findings of the trial judge are manifestly erroneous or clearly wrong.'" *Amerson v. State*, 648 So. 2d 58, 60 (Miss. 1994) (quoting *Barnes v. Confidential Party*, 628 So. 2d 283, 290 (Miss. 1993)). The evidence presented in today's case sufficiently established that Bullen was driving under the influence.

## CONCLUSION

¶19.    Substantial evidence in the record supports Bullen's conviction of second-offense DUI. Further, this Court finds that trial did not err by denying Bullen's motion to dismiss for insufficiency of the evidence.

¶20.    **AFFIRMED.**

7

**KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**